**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

PHILLIP ELMORE,

    Petitioner,

        -vs-

MARC C. HOUK, Warden,

    Respondent.

:

:

:

Case No. 1:07-cv-776

District Judge Sandra S. Beckwith
Magistrate Judge Michael R. Merz

---

**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER'S MOTION FOR DISCOVERY**

---

This capital habeas corpus case is before the Court on Petitioner's First Motion for Discovery (Doc. No. 48).  respondent has filed a Memorandum in Opposition (Doc. No. 51) and Petitioner has filed a Reply in support (Doc. No. 52).

Petitioner seeks to depose

1. The Licking County Jury Commissioner;

2. Trial attorneys J. Michael King, Brian Rigg, and Andrew Sanderson;

3. Mitigation Investigator James Crates, Criminal Investigator Matthew Sauer, and Psychologist Jeffrey Smalldon, PhD.; and

4. Direct appeal attorneys W. Joseph Edwards and Keith Yeazel.

Petitioner seeks to obtain in connection with the deposition of the Jury Commissioner his or her following records:  All policies and procedures of the Licking County Jury Commissioner's Office relating to the selection of the petit jury venires in effect during the years 1993 through 2002, including:

-1-

1. The manner in which the initial source list is created;

2. The manner in which individuals are selected from the initial source list for inclusion in the jury wheel, such as through the completion of a jury questionnaire which is evaluated by members of the Office of the Jury Commissioner;

3. The manner in which individuals are selected from the jury wheel to report for jury duty;

4. The manner in which individual prospective jurors are assigned to a specific case; and

5. The order in which those individuals are assigned.

(Motion, Doc. No. 48, PageID 688-689). The sought discovery is said to relate to Claim II (racial discrimination in the selection of members of the petit jury venire in the trial of this case) and Claims VI, X, and XIV (ineffectiveness of trial and appellate counsel).

**Standard for Discovery**

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, citing *United States v. Armstrong*, 517 U.S. 456, 116 S. Ct. 1480, 1488, 134 L. Ed. 2d 687 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001), *citing Murphy v. Johnson,* 205 F. 3rd 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery

or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487 (6th Cir. 2003)(*quoting Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974, (6th Cir. 2004), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Id., citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

In conducting the analysis that led to granting discovery in *Bracy v. Gramley, supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases.

First of all, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all. Federal habeas corpus is, of course, available only to correct wrongs of constitutional dimension. 28 U.S.C. §2254(a); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). In *Bracy* the claim was that the trial judge was biased in favor of other defendants who had bribed him and therefore had a motive to be harsh with those, like the petitioner, who had not. The Supreme Court distinguished this kind of claim of judicial disqualification from other non-constitutional claims which would not be cognizable in habeas corpus. This part of the *Bracy* analysis makes it clear that discovery should not be authorized on allegations in a habeas corpus petition which do not state a claim upon which habeas corpus relief can be granted.

Secondly, the Supreme Court identified circumstances which corroborated the Bracy's theory of relief and request for discovery:

> As just noted above, petitioner's attorney at trial was a former

> associate of Maloney's, App. 51, and Maloney [the corrupt trial judge] appointed him to defend this case in June 1981. The lawyer announced that he was ready for trial just a few weeks later. He did not request additional time to prepare penalty-phase evidence in this death penalty case even when the State announced at the outset that, if petitioner were convicted, it would introduce petitioner's then-pending Arizona murder charges as evidence in aggravation. Tr. of Oral Arg. 43. [FN10] At oral argument before this Court, counsel for petitioner suggested, given that at least one of Maloney's former law associates--Robert McGee--was corrupt and involved in bribery, see supra, at 8, that petitioner's trial lawyer might have been appointed with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and camouflage the bribe negotiations in, the Chow murder case. Tr. of Oral Arg. 17-18, 43-44. [FN11] This is, of course, only a theory at this point; it is not supported by any solid evidence of petitioner's trial lawyer's participation in any such plan. It is true, however, that McGee was corrupt and that petitioner's trial coincided with bribe negotiations in the Chow case and closely followed the Rosario murder case, which was also fixed.

520 U.S. 907-908.

> We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased in petitioner's own case. That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion the rigged Rosario and Chow cases might attract.

*Id*. at 909. The quoted "specific allegations" language is from *Harris v. Nelson, supra,* and demonstrates that the Supreme Court in both cases was adverting not to the **claim** language in the habeas petition, but to specific **evidence** obtained outside the discovery process and presented in support of a motion for discovery, which corroborates the claimed constitutional violation.

-4-

## Application

Based on the claims made of ineffective assistance of trial counsel and ineffective assistance of appellate counsel, Petitioner may depose his trial and appellate counsel and those persons who assisted in preparation of the case for trial (Messr. Crates, Sauer, and Smalldon). Respondent is of course correct that discovery should not be conducted on claims which are do not state a claim for habeas corpus relief. However at this point in the litigation this Court has not been asked (by motion as opposed to by argument in a pleading) to dismiss any of the claims in the Amended Petition for failure to state a claim. Nor has the Supreme Court yet decided *Cullen v. Pinholster,* Case No. 09-1088, which may indeed have an impact on the order of proceeding in habeas corpus cases. For the present it seems prudent to authorize the attorney depositions and request Respondent's counsel to preserve the Warden's objections on the record when the deposition is taken. If it appears that Petitioner's counsel are taking an extraordinary amount of time on topics which Respondent's counsel believe are only in support of claims which are not properly brought, the Court's intervention may be sought at that time.

Petitioner's Motion is denied with respect to the Licking County Jury Administrator. Petitioner's allegation is that in the pool of 140 possible jurors, there should have been 3.5 African Americans as opposed to the two who were actually included. If the Licking County Jury Administrator intended systematically to exclude African-Americans, his or her system was markedly faulty, as it failed on two of the 3.5 occasions when it should have excluded someone. Thus the most likely inference from the presence of two African-Americans is that there was no systematic attempt to exclude. That is, Petitioner's statistical evidence is equivocal, but points more in the direction of no systematic exclusion.

Petitioner has presented no other evidence of systematic exclusion of African-Americans: no findings in other cases, no statistical analysis of whether what happened here is likely to have been statistical "flutter," no evidence of racially exclusive attitudes on the part of any participants (i.e, what is referred to as "direct" evidence in racial discrimination in employment cases.  See *Talley v. Bravo Pitino Restaurant Ltd*., 61 F.3d 1241 (6th Cir. 1995)).  In the absence of more proof than what Petitioner has presented, his desire to examine the jury selection process over a period of seven years amounts to a forbidden "fishing expedition."

The discovery permitted herein shall be completed by February 28, 2011.

December 10, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge