# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PHILLIP ELMORE,

    Petitioner,   :   Case No. 1:07-cv-776

       :   District Judge Sandra S. Beckwith
-vs-   Magistrate Judge Michael R. Merz

DAVID BOBBY, Warden,

       :

    Respondent.

## DECISION AND ORDER

    This capital habeas corpus case is before the Court on Petitioner's Motion for Leave to Amend Petition for Writ of Habeas Corpus (Doc. No. 61) and his Motion for Stay (Doc. No. 62). The Warden has filed a consolidated Response in Opposition (Doc. No. 67) and Petitioner has filed Replies in support (Doc. Nos. 69, 70).

    On July 16, 2012, the Magistrate Judge ordered the parties to file a report on the status of Petitioner's motion for leave to file a delayed motion for new trial in the Licking County Common Pleas Court, the proceeding for which a stay was sought, and any additional argument they felt appropriate in light of the United States Supreme Court's decisions in *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012); and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012). On July 16, 2012, Petitioner advised this Court that a decision on whether to allow a motion for new trial had been postponed in the Common Pleas Court pending the decision of the Supreme Court in those two cases  (Status Report, Doc. No. 72, PageID 1234).

1

Subsequently, Petitioner advised this Court that the Common Pleas Court had allowed the filing of the delayed motion for new trial, finding that Petitioner "was unavoidably prevented from filing his Motion for New Trial within the time periods set forth in [Ohio] Crim. R. 33." (Doc. No. 74, PageID 1240.) As of August 1st, the parties were awaiting a decision from Judge Branstool about whether an evidentiary hearing would be required. *Id.*

The two Motions are nondispositive pretrial matters on which the Magistrate Judge is authorized to enter a decision under 28 U.S.C. § 636(b)(1)(A).

Petitioner seeks to add a seventeenth ground for relief as follows:

> **XVII. TRIAL COUNSEL ANDREW SANDERSON HAD A CONFLICT OF INTEREST THAT DEPRIVED ELMORE OF HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

(Exhibit A to Motion, Doc. No. 61, PageID 819.) The gravamen of Elmore's claim is that "Sanderson convinced Elmore to reject a plea offer that he had previously agreed to and would have saved his life, solely because Sanderson needed to participate in two capital jury trials to qualify for first-chair status under Rule 20 of the Ohio Rules of Superintendence." *Id.* at PageID 810.

The Warden opposes amendment in part because he asserts the new Ground for Relief does not state a claim for relief cognizable in habeas corpus. That assertion is at least arguably undermined by the decisions in *Missouri v. Frye* and *Laffler v. Cooper, supra.* In any event, it has been this Court's practice not to attempt to decide what amounts to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) at the motion to amend stage when the claim is at least arguable. The two Supreme Court decisions make the claim at least arguable.

Secondly, the Warden argues the amendment is barred by the statute of limitations because the operative fact discovered by Elmore which should have triggered the claim was that he had actually been sentenced to death, far more than a year before the Motion to Amend was made (Response in Opposition, Doc. No. 67, PageID 1187-1194). The Court disagrees. There is a substantial difference between making a claim of ineffective assistance of trial counsel based on "ignorance or ineptitude" (to use the Warden's words) and learning that the advice was possibly corrupted by a conflict of interest.

The Warden is correct that this new claim is not related to another claim already made so as to allow relation back under *Mayle v. Felix*, 545 U.S. 644 (2005). Rather, the Motion to Amend was filed September 19, 2011, relatively promptly after the deposition of Shanda Behrens was taken and certainly within a year of that deposition[1]. Petitioner argues that he first learned of the facts underlying this conflict of interest claim in the Spring of 2011 when he took the deposition of Shanda Behrens. This would make the new claim timely under 28 U.S.C. § 2244(d)(1)(D). The Court believes this is properly categorized as newly discovered rather than newly understood evidence, to use the Warden's distinction. There is no need to consider Petitioner's equitable tolling argument.

Lastly, the Warden argues the new claim is premised on false factual allegations (Response, Doc. No. 67, PageID 1183-1187). Apparently the Licking County Common Pleas Court is prepared to consider the merits of this claim, which Petitioner concedes is unexhausted, which will involve a determination of the relevant facts. If that court considers evidence and then makes a merits

---

1 The Court notes that none of the deposition transcripts attached to Doc. No. 61 bears a signed certification from the court reporter. The Court calls this matter to counsel's attention so that the omission may be corrected.

decision, this Court will be limited to the factual record made in that court, at least unless we determine that Elmore can satisfy 28 U.S.C. § 2254(d)(1) and/or (d)(2).  As the Supreme Court has held in *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011), we are precluded from conducting an evidentiary hearing or otherwise considering extra-state-court-record evidence in the absence of such a holding.  Since the Common Pleas Court has determined to hear the motion for new trial on the merits, it seems prudent for this Court to allow the state court proceedings to run their course, at least so far as the delayed motion for new trial is concerned.

Accordingly, it is hereby ORDERED:

1. The Motion to Amend (Doc. No. 61) is GRANTED.  Petitioner shall file an amended petition embodying the new claim forthwith.  Respondent's duty to respond is postponed pending exhaustion of the new claim in the Ohio courts.

2. The Motion to Stay (Doc. No. 62) is GRANTED IN PART AND DENIED IN PART.  No further proceedings will be held in this Court on the new claim until exhaustion of that claim in the Ohio courts.  Although this Court cannot reach a final decision on this case until all claims have been exhausted, Petitioner has not yet shown good cause for staying proceedings here unrelated to the new claim.  Therefore if Petitioner wishes to have all proceedings in this Court stayed, he must file a new motion to that effect.

3. The parties are ordered to keep this Court currently advised of the status of the state court proceedings.

September 14, 2012.

                     s/ *Michael R. Merz*
                     United States Magistrate Judge