# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PHILLIP ELMORE,

            Petitioner,      :      Case No. 1:07-cv-776

- vs -                            District Judge Sandra S. Beckwith
                                    Magistrate Judge Michael R. Merz

MARC C. HOUK, Warden,

                            :

           Respondent.

## ORDER DENYING LEAVE TO FILE UNDER SEAL

This capital habeas corpus case is before the Court on Petitioner's Motion for leave to File Under Seal a Motion to Transport (ECF No. 165). Respondent opposes the Motion (ECF No. 166) and Petitioner has filed a Reply in Support (ECF No. 167).

Petitioner purports to justify the sealing of the Motion to Transport by "security reasons, as is evident from his proposed motion." (Reply, ECF No. 167, PageID 13000). Those security concerns have not been explained to the Court, but the Court infers from the content of the proposed order that Petitioner fears making public the time and location to which he would be transported will somehow expose him to harm from third parties. The nature and source of any threats of such harm have not been disclosed to the Court.

As Respondent points out, a party seeking to seal court records bears a heavy burden of justification (Memo. in Opp., ECF No. 166, PageID 12996). The United States Court of Appeals for the Sixth Circuit recently held:

1

The courts have long recognized, therefore, a "strong presumption in favor of openness" as to court records. *Brown & Williamson*, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. See *Brown & Williamson*, 710 F.2d at 1179. For example, in class actions—where by definition "some members of the public are also parties to the [case]"—the standards for denying public access to the record "should be applied . . . with particular strictness." *Cendant*, 260 F.3d at 194. And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

In like fashion, a district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Brown & Williamson*, 710 F.2d at 1176. That is true even if neither party objects to the motion to seal, as apparently neither did in *Brown & Williamson*. (There, our court "reach[ed] the question" of the district court's seal "on our own motion." *Id*.) As our decision there illustrates, a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it. And a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal. *Id.; see also United States v. Kravetz,* 706 F.3d 47, 60 (1st Cir. 2013) ("Appellate courts have on several occasions emphasized that upon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so"); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (reversing because "[w]e find no evidence in the record that the district court balanced the competing interests prior to sealing the final order").

\* \* \*

> We review the court's orders to seal its records for an abuse of discretion—although, "[i]n light of the important rights involved, the district court's decision is not accorded" the deference that standard normally brings. *Knoxville News-Sentinel*, 723 F.2d at 476.

*Shane Group., Inc., v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 306 (6th Cir. 2016) (Kethledge, J.).

Petitioner has not met that heavy burden. This is a capital case, so the public is at least potentially more interested in the outcome and process used to reach that outcome than in other civil cases. The expenditure of public funds and at least temporary interference with state custody is involved. Most important, Petitioner has not shown a need for sealing. Whatever security concerns might be compromised by filing the entire motion for public view can be obviated by much less restrictive means.

Accordingly, the Motion to File Under Seal is DENIED. Petitioner may file the Motion to Transport in redacted form by redacting the time and date of transport and the location to which transport is to be made. Those details are all the Court can imagine as being related to security concerns. Redaction will not compromise the public's right to know.

February 27, 2019.

s/ *Michael R. Merz*<br>
United States Magistrate Judge