# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PHILLIP ELMORE,

          Petitioner,        :      Case No. 1:07-cv-776

  - vs -                          Chief Judge Edmund A. Sargus, Jr.
                                    Magistrate Judge Michael R. Merz

TIM SHOOP[1], Warden,

                                    :
          Respondent.

## ORDER FOR ADDITIONAL BRIEFING

This capital habeas corpus case is before the Court on Petitioner's Motion to Transport (ECF No. 169). An unredacted version of this Motion was provided to the Court and Respondent's counsel in conjunction with Petitioner's Motion to File Document Under Seal (ECF No. 165). The Warden responded to the merits as well as the request to seal (ECF No. 166) and Petitioner filed a brief Reply (ECF No. 167) which leaves the Court with a number of questions. Petitioner is therefore ordered to supplement the reply with responses to the following questions:

1.     The request to transport is in support of an order for neuroimaging testing by "Petitioner's expert, Dr. Douglas Scharre, M.D[2]." The Court does not recall that it was requested to approve funding for Dr. Scharre. If that is not correct, counsel will please provide the record

---

[1] On Motion of Petitioner (ECF No. 164), Tim Shoop was substituted as Respondent because he is now Petitioner's custodian. The caption is ordered amended accordingly.
[2] Dr. Scharre's name was redacted from the filed version of the Motion, but is not among the information the Court permitted to be redacted.

references. Assuming the Court did not authorize the funding, the Court presumes Dr. Scharre was retained upon the independent professional judgment of his counsel and is being compensated by federal funds from the Public Defender's budget. Counsel will please provide Dr. Scharre's resume and a copy of his order for this testing.

2. The Motion indicates the results of the testing are "necessary for Mr. Elmore to present Claim X.D in his Corrected Third Amended Petition for Writ of Habeas Corpus (ECF No. 169, PageID 13005). Petitioner has not yet sought or obtained an evidentiary hearing in this case. As counsel are aware, this Court has held *Cullen v. Pinholster*, 563 U.S. 170 (2011), applies to prevent discovery of material that could not be presented in habeas until the 2254(d)(1) or (2) bar has been overcome or expansion of the record to include such material. Here Petitioner is seeking the Court's assistance to obtain by investigation evidentiary material which would appear barred on the same basis. Petitioner is requested to supplement his Reply with an explanation of why he believes *Pinholster* does not apply.

3. As authority for a transport order, Petitioner relies on *Nields v. Bradshaw,* Case No. 1:03-cv-019, 2010 U.S. Dist. LEXIS 8099 (S.D. Ohio Jan. 11, 2010).[3] *Nields* has been expressly repudiated by the Sixth Circuit in *Baze v. Parker*, 632 F.3d 338, 344-45 (6th Cir. 2011). Counsel will please supplement the Reply with any argument they have that *Baze* does not bar the relief sought.

4. The Motion has attached results of neuroimaging done in other cases in the Western District of Tennessee, but not any authority from the District Court for transport of those

---

[3] Petitioner cites to *Nields* in its native format as a document filed in Case No. 1:03-cv-019 without providing the reader a docket number. Under the eGovernment Act, this Court is obliged to make its written opinions available to the public which it does in part by allowing them to be uploaded to the Westlaw and Lexis databases. Citation to decisions in one of those databases is preferred to mere reference to the case in which a decision was filed.

Petitioners[4]. Was such transport authorized by the District Court? Did the court write an opinion justifying the order?

March 1, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[4] In filing those attachments, counsel have failed to "scrub" the CM/ECF filing data from Tennessee filings, making the filings in this Court illegible in that line. Counsel will please refile the attachments so dthat the CM/ECF filing stamp is legible.