# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

PHILLIP ELMORE,

              Petitioner,    :    Case No. 1:07-cv-776

  - vs -                             Chief Judge Edmund A. Sargus, Jr.
                                      Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,

                                :

              Respondent.

## SUPPLEMENTAL OPINION ON MOTION TO TRANSPORT

This capital habeas corpus case is before the Court on Petitioner Phillip Elmore's Motion to Transport (ECF No. 169). An unredacted version of this Motion was provided to the Court and Respondent's counsel in conjunction with Petitioner's Motion to File Document Under Seal (ECF No. 165). On the Court's Order (ECF No. 170), Petitioner filed a Supplemental Brief in support (ECF No. 171). On March 7, 2019, this Court issued a Decision and Order denying the Motion to Transport (ECF No. 172). Upon Petitioner's timely Objections (ECF No. 173), Chief Judge Sargus recommitted the matter for further analysis (ECF No. 174). The Respondent Warden subsequently filed a Response to Petitioner's Objections (ECF No. 177).

The procedural history and the gravamen of the Motion to Transport are set forth in the Decision and Order (ECF No. 172).

**Jurisdiction**

The Court evaluated Motion to Transport in light of *Nields v. Bradshaw*, Case No. 1:03-cv-019, 2010 U.S. Dist. LEXIS 8099 (S.D. Ohio Jan. 11, 2010) (Merz, Mag. J.), and *Baze v. Parker*, 632 F.3d 338, 344-46 (6th Cir. 2011), in which the United States Court of Appeals for the Sixth Circuit expressly repudiated *Nields* (Decision and Order, ECF No. 172, PageID 13159-60). The Court understood that "[t]he transport order sought here . . . would be a more direct interference with state custody than allowing interviewers into a prison[,]" *id*. at PageID 13160, a purpose for which a court may expressly authorize and allocate funds. 18 U.S.C. § 3599(f). Nonetheless, the Court concluded that: (a) *Nields* and *Baze*, which pertained to state clemency proceedings, are distinguishable; and (b) it had authority to issue the writ, if appropriate:

> It is not Elmore's testimonial evidence that is sought, but rather physical evidence in the form of scans of his brain, scans which cannot be obtained without bringing him to the place where the testing is to be conducted. Use of the writ *ad testificandum* as requested would be ancillary to the Court's undoubted jurisdiction to adjudicate the underlying Petition. The Court has jurisdiction to issue that ancillary writ; the question is whether it should do so for the purposes for which the writ is sought.

(Decision and Order, ECF No. 172, PageID 13160, citing 28 U.S.C. § 1651).

Petitioner does not object to the above conclusion. However, in his Response, the Warden argues that the Court has jurisdiction, to facilitate its adjudication of Petitioner's habeas claim, only to issue: (a) "a writ *ad testificandum* to bring a prisoner to the place where the Court is convened in order to facilitate its adjudication of a 2254 action"; and (b) "a subpoena *ad testificandum* to bring pertinent evidence, such as the state court record for example, to the place where the Court is convened[.]" (ECF No. 177, PageID 13519, citing *Cullen v. Pinholster*, 563

2

U.S. 170 (2011); *Harrington v. Richter*, 562 U.S. 86 (2011)). He asserts that Petitioner's request does not pertain to an evidentiary hearing, as his motion for such a hearing (ECF No. 183) is still pending. Nor is it seeking to bring before the Court already-existing evidence that was previously undiscovered. Rather, Petitioner is attempting to *develop new* evidence dehors the record to support the existing claim of ineffective assistance of counsel, and in turn use that newly-developed evidence as support for his motion for evidentiary hearing. Such a course of action, the Warden argues, contravenes binding precedent under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 103-132, 110 Stat. 1214 (Response, ECF No. 177, PageID 13519-20, citing *Pinholster*, 563 U.S. 170; and *Harrington*, 562 U.S. 86). The Warden claims that, because "the restrictions of AEDPA . . . have all the hallmarks of a jurisdictional limitation on the power of the federal courts themselves[,]" this Court lacks jurisdiction to grant the Motion to Transport, even if it is ancillary to its consideration of Petitioner's habeas corpus petition. *Id.* at PageID 13519 (internal quotation marks omitted), quoting *Moore v. Mitchell*, 708 F.3d 760, 781 (6th Cir. 2013).

The gravamen of Petitioner's Claim Ten D was raised, to some extent, in his Seventh Claim in the state post-conviction proceeding, and the Fifth District Court of Appeals upheld the trial court's conclusion that the ineffective assistance of trial counsel question could have been properly raised on direct appeal without evidence dehors the record, and that his failure to do so meant that the claim was procedurally defaulted and barred by *res judicata*. *State v. Elmore*, 5th Dist. Licking No. 2005-CA-32, 2005-Ohio-5940, ¶¶ 99-107 (Nov. 3, 2005). As the Court previously noted, "the Sixth Circuit has repeatedly found Ohio's criminal *res judicata* doctrine to be an adequate and independent state ground of decision." (Order, ECF No. 172, PageID 13166, citing *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001);

*Coleman v. Mitchell*, 268 F.3d 417, 429 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994) (citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001) (Smith, J.)). Further, the Court understands the mandates of *Pinholster* and the AEDPA that claims adjudicated on the merits in state court are accorded two levels of deference, and may not be attacked in habeas with evidence *dehors* the record. *Pinholster*, 563 U.S. at 186-87.

Nonetheless, if Petitioner's representations are true, namely, that: (a) trial counsel was ineffective in failing to request a PET scan and present the results to the jury as mitigation evidence; (b) the absence of such evidence from the trial record meant that the claim could not have been raised on direct appeal; (c) the trial court's denial of his request, in connection with his post-conviction petition, to obtain funding for a PET scan means that the instant habeas petition is the first instance in which he could reasonably develop and present such evidence; (d) the Fifth District's application of Ohio's *res judicata* rule was improper; and (e) any claim regarding the trial court's denial of funds for a PET scan is not itself procedurally defaulted by any failure to raise that claim to the Fifth District (Objs., ECF No. 173, PageID 13171-72, 13176-78, citing *Sears v. Upton*, 561 U.S. 945, 946, 950 n.5 (2010) (per curiam); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Wogenstahl v. Mitchell,* 668 F.3d 307, 341 (6th Cir. 2012); *Durr*, 487 F.3d at 434-435; *Hill v. Mitchell*, 400 F.3d 308, 314, 320 (6th Cir. 2005); *Elmore*, 2005-Ohio-5940, at ¶ 171 (Edwards, J., concurring)), then the evidence sought could be ancillary to his claim in habeas of ineffective assistance of counsel. Thus, to the extent that the Warden's Response constitutes an objection to the Court's previous Order (ECF No. 172), it should be overruled.

**The Evidence Sought**

In his Objections, Petitioner argues that the Magistrate Judge's conclusions that: (a) lack of funding in the state court would not overcome a procedural default; and (b) the Supreme Court decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), did not afford Petitioner cause to excuse a valid default, such that new evidence could be properly introduced and considered by this Court (Decision and Order, ECF No. 172, PageID 13167-68, citing Supp. Brief, ECF No. 171, PageID 13067), were contrary to law (Objs., ECF No. 173, PageID 13180-81). He argues that "his indigence and lack of funding for a PET scan in state post-conviction proceedings made it impossible for him to fully and fairly litigate this claim in state court – thus establishing 'cause,' which is why he is entitled to fully litigate his claim now." *Id*. at PageID 13181. Further, he claims that "*Martinez* itself establishes that a 'cause' argument (such as lack of funding in state court) need not be fully exhausted in state court, and the Magistrate Judge erroneously concluded otherwise when denying the motion to transport." *Id*., citing *Detrich v. Ryan*, 740 F.3d 1237, 1247 (9th Cir. 2014). Finally, he contends that "*Martinez* should apply here where Mr. Elmore's first actual opportunity to secure relief on his current ineffectiveness claim (which relies on evidence outside the trial court record) was in post-conviction proceedings, but those proceedings did not provide him a full opportunity to litigate that claim." *Id*.

The Sixth Circuit requires a four-part analysis as to whether a habeas claim has been procedurally defaulted:

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, . . . .

5

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149 (1979); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). It is well-settled Ohio law, indeed axiomatic, that "failure to appeal" from an adverse decision in a lower court "is a procedural default resulting in waiver of this claim." *Howard v. Wolfe*, No. 05-4432, 199 F. App'x 529, 533 (6th Cir. 2006) (applying Ohio law). As to the third prong, the Court incorporates by reference its discussion above that *res judicata* is an adequate and independent state law ground upon which to find a claim procedurally defaulted, and thus, bar its consideration of claims in the district court). *See also Coleman*, 244 F.3d at 538-39, citing *State v. Perry*, 10 Ohio St. 2d 175, 180 (1967). As to the second prong, the Court is cognizant that the Fifth District did not—indeed, could not—apply *res judicata* as to the state trial court's denial of funding for a PET scan, for the simple reason that Petitioner never presented the issue to the appellate court. A habeas petitioner may not circumvent a state's procedural default rule by failing to raise an issue on appeal. Federal habeas law "requires . . . that state prisoners give state courts a *fair* opportunity to act on their claims. . . . Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original), citing 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Petitioner's failure to raise on appeal the alleged error of the trial court meant that he

deprived the Fifth District of its opportunity to review the claim and, if meritorious, remand to the trial court with a mandate to fund the PET scan.

Petitioner's Objections are unavailing for several reasons. First, he failed to address the Sixth Circuit's repeated refusal to find that *Martinez* and *Trevino* apply to Ohio ineffective assistance of counsel claims at all, and especially with respect to claims of ineffective assistance of trial counsel in mitigation. *Moore v. Mitchell*, 848 F.3d 774, 777 (6th Cir. 2017), citing *Landrum v. Anderson*, 813 F.3d 330, 335-36 (6th Cir. 2016); *Henness v. Bagley*, 766 F.3d 550, 557 (6th Cir. 2014); *see also McGuire v. Warden*, 738 F.3d 741, 751, 752 (6th Cir. 2013), quoting *State v. Combs*, 100 Ohio App. 3d 90, 102 (1st Dist. 1994) ("while we need not determine whether *Trevino* applies to Ohio cases, it is not obvious that *Trevino* applies here. . . . '[I]neffective assistance of counsel at mitigation, just like ineffective assistance at trial, is an issue that can be brought on direct appeal,' with a constitutionally required appellate attorney."). The Sixth Circuit's refusal is in sharp contrast to its holdings that *Martinez* and *Trevino* apply in Tennessee (*Sutton v. Carpenter*, 745 F.3d 787, 790 (6th Cir. 2015)) and Kentucky (*Woolbright v. Crews*, 791 F.3d 628, 636 (6th Cir. 2015)).

Second, even if *Martinez* and *Trevino* provided the necessary good cause to excuse Petitioner's procedural default *on direct appeal*, they are not cause sufficient to excuse his failure to appeal the trial court's denial *in post-conviction* of his request for funding to conduct a PET scan. This Court pointed out that "it does not appear Petitioner appealed that denial; the only place a PET scan is mentioned in the Fifth District's decision is in the Seventh Ground for Relief[,]" which, again, is an ineffective assistance of trial counsel claim. Thus, "[a]ny error in the state trial court's failure to fund is procedurally defaulted by counsel's failure to appeal the denial." (Decision and Order, ECF No. 172, PageID 13166, citing Supp. Brief, ECF No. 171, PageID

7

13065).  Petitioner, in his Objections, concedes that "under Ohio's post-conviction procedures, a 'claim is *res judicata*' and cannot be heard in post-convictions **only if** 'the petitioner could have brought a claim on direct appeal, but failed to do so.'"  (ECF No. 173, PageID 13175 (emphasis in original), quoting *Hanna v. Ishee*, 694 F.3d 596, 613-14 (6th Cir. 2012)).  The instant situation—where Petitioner had the opportunity to raise the alleged trial court error in post-conviction to the appellate court, but failed to do so—is directly analogous.  Yet, nowhere in Petitioner's Objections does he address, much less justify or excuse, his failure to raise this supposed error by the state trial court on appeal.  It is entirely possible that the Fifth District would have found merit in such a claim for relief and remanded the matter back to the trial court with a mandate to allocate funding for a PET scan.  At the very least, the state appellate court needed to have the opportunity to evaluate that claim and issue a decision—a decision that would have been entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); *Tucker v. Palmer*, 541 F.3d 652, 655-56 (6th Cir. 2008), quoting *Parker v. Renico*, 506 F.3d 444, 447-48 (6th Cir. 2007); citing Pub. L. 104-132, 110 Stat. 1214.  Consequently, to the extent that his Motion to Transport is based on the state trial court's denial in post-conviction of funds necessary to conduct a PET scan, that denial is procedurally defaulted.

Petitioner's other Objections center on his satisfying every prerequisite to obtain the evidence necessary to prosecute his desired ineffective assistance of counsel claim except for obtaining an order to transport (Objs., ECF No. 173, PageID 13172-74), and how he could not have raised that claim on direct appeal because he did not have the evidence to support it, *i.e.*, the PET scan.  Consequently, he argues, the Fifth District's application of Ohio's *res judicata* rule as to that claim was improper, and in turn, the refusal of this Court to review new evidence and consider the claim *de novo* was contrary to law.  *Id*. at PageID 13175-79 (citations omitted).

Petitioner argues that "[b]ecause federal review of Mr. Elmore's ineffectiveness claim is mandated, his request for transport is fully mandated as well, so that he may finally prove his claim of trial counsel's ineffectiveness." *Id*. at PageID 13181. Yet, even assuming arguendo that the Fifth District's application of *res judicata* was improper, and thus, "does not constitute reliance on an adequate and independent state ground[,]" *Wogenstahl v. Mitchell*, 668 F.3d 307, 341 (6th Cir. 2012), the misapplication does not excuse Petitioner's procedural default in failing to appeal the trial court's denial of funding for a PET scan in post-conviction. In other words, he passed on the chance to develop the evidence fully in the state court as to his claim for ineffectiveness of trial counsel, and he cites no authority for the proposition that this Court must, or even should, give him the opportunity to develop the evidence here. Because of that procedural default, he has waived any opportunity to obtain the PET scan in furtherance of Claim Ten D.

Finally, Petitioner does not argue that deficient performance by his postconviction counsel in failing to appeal the denial of funding is itself a habeas violation, and he could not reasonably do so: "There is no right to an attorney in state post-conviction proceedings. . . . Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), citing *Murray v. Giarratoano*, 492 U.S. 1 (1989). Accordingly, and contrary to Petitioner's position, his claim regarding failure to obtain a PET scan, the subject of the Motion to Transport, is procedurally defaulted, and may not be properly considered by this Court.

**Conclusion**

Based on the foregoing analysis, Petitioner's Objections (ECF No. 173) should be

OVERRULED, and the Motion to Transport (ECF No. 169) should be DENIED.


May 20, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge