IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

**PHILLIP ELMORE,**

        Petitioner,

        -vs-

**WARDEN,
Chillicothe Correctional Institution,**

        Respondent.

Case No. 1:07-cv-776

District Judge Edmund A. Sargus, Jr.
Magistrate Judge Michael R. Merz

## OPINION AND ORDER

Petitioner, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court upon the following:

▶ Petitioner's Motion (Redacted) to Transport and Produce Him for Forensic Evaluation (ECF No. 169);

▶ Petitioner's Supplemental Briefing in Support of Motion to Transport (ECF No. 171);

▶ Decision and Order Denying Motion to Transport (ECF No. 172);

▶ Petitioner's Objections to the United States Magistrate [Judge]'s March 7, 2019 Decision and Order (ECF No. 172) Denying Motion to Transport to the Ohio State University for Neuroimaging (ECF No. 173);

▶ Recommittal Order (ECF No. 174);

▶ Respondent's Opposition to Petitioner's Doc. 173 Objections (ECF No. 177);

▶ Supplemental Opinion on Motion to Transport (ECF No. 192);

▶ Petitioner's Objections to the United States Magistrate [Judge]'s May 20,

1

- 2019 Supplemental Opinion on Motion to Transport (ECF No. 195);

- ▶ Respondent's Opposition to Petitioner's Doc. 195 Objections (ECF No. 198); and

- ▶ Respondent's Notice of Supplemental Authority (ECF No. 215).

Petitioner seeks an order directing his custodian, the Warden-Respondent, to transport Petitioner, at the behest of a mental health expert assisting his defense, for neuroimaging testing. Petitioner states that the results will support claim ten (D), where he asserts that he was prejudiced by his defense counsel's unreasonable failure to request either neuroimaging testing or an MRI test to present during the mitigation phase of Petitioner's trial, given that Petitioner had suffered a severe brain injury at the age of 17 and had other unspecified brain dysfunction. Petitioner reasons that had his defense counsel presented that mitigation evidence, there is a reasonable probability that at least one juror would have struck a balance in favor of a life sentence rather than the death penalty. Petitioner emphasizes that he was not at fault for the failure to present this evidence to the state courts earlier, insofar as the state courts denied his requests for funding for such testing during Petitioner's postconviction proceedings.

In a Decision and Order dated March 7, 2019, the Magistrate Judge denied Petitioner's motion. (ECF No. 172.) The Magistrate Judge explained that although the Court possessed jurisdiction to order the Warden-Respondent to transport Petitioner for testing, Petitioner did not sufficiently demonstrate a need for obtaining the test results he anticipates, in view of the apparent procedural default of the ineffective assistance claim that those test results would allegedly support. Specifically, the Magistrate Judge noted that the ineffective assistance claim was barred by Ohio's doctrine of *res judicata*, due to Petitioner's raising it in postconviction instead of on direct appeal, and that Petitioner's claimed excuse for that default—the state trial

court's denial of Petitioner's request for funding for a PET scan—was never appealed and was therefore also waived.

Petitioner objected, characterizing as clearly erroneous the Magistrate Judge's conclusions that the ineffective assistance claim at issue was likely procedurally defaulted and that the state courts' denial of funding would be insufficient to overcome that default. (ECF No. 173.) In opposing Petitioner's objections, Respondent took issue with the Magistrate Judge's conclusion that this Court possesses jurisdiction via the All Writs Act to order the transport. (ECF No. 177, at PageID 13518-20.) Respondent additionally argued that "[b]eyond the jurisdictional preclusion in granting the relief Elmore seeks, a sister Court has recently followed the guidelines enunciated by this Court that sets the adjudication under [§] 2254(d) as a place of division between the review of the existing state court record and the consideration of evidence not found in the existing state court record. (*Id.* at PageID 13520 (citing *Dunlap v. Paskett*, Case No. 1:99-cv-559, 2019 U.S. Dist. LEXIS 46105 (S.D. Ohio Mar. 20, 2019) (Watson, D.J.)).)

Respondent argued that, "[t]he primary reason why Elmore's Doc. 173 objections are invalid is that, in the posture of this case where the Court has not convened an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2), the federal district court lacks jurisdiction in a [§] 2254 proceeding to issue a writ *ad testificandum* to compel Elmore's custodian to take Elmore to the place where Elmore would seek to have physical evidence in the form of scans of his brain produced and then have the results utilized by him in a collateral attack on his state court conviction and death sentence." (ECF No. 177, at PageID 13518.)

Upon recommittal (ECF No. 174), the Magistrate Judge again denied Petitioner's request for transport. (ECF No. 192.) As a preliminary matter, the Magistrate Judge first rejected Respondent's argument that this Court lacked jurisdiction to issue an order directing the Warden-

3

Respondent to transport Petitioner to a facility for neurological testing. (*Id.* at PageID 14113-15.) The Magistrate Judge then reiterated that Petitioner could not demonstrate a need to be transported for neurological testing when the claim that the test results would support appeared to be procedurally defaulted, and because Petitioner failed to appeal at all the trial court's denial of his request for funding for a PET scan. In so ruling, the Magistrate Judge considered and rejected each of Petitioner's objections, finding respectively that the *Martinez/Trevino* exception to procedural default has never been held by the Sixth Circuit to apply to Ohio; that even if that exception applied, it would not excuse Petitioner's failure to appeal the trial court's denial of funding for a PET scan; and that even if the state courts improperly applied *res judicata* against Petitioner's mitigation-phase ineffective assistance claim, "the misapplication does not excuse Petitioner's procedural default in failing to appeal the trial court's denial of funding for a PET scan in post-conviction." (*Id.* at PageID 14120.)

Petitioner raises several objections to the Magistrate Judge's decision denying his motion to transport, and Respondent opposes the Magistrate Judge's determination that the Court possesses jurisdiction to order the Warden to transport Petitioner, which oppositions the Court construes as objections.

According to Fed. R. Civ. P. 72(a), when a party objects to a magistrate judge's non-dispositive order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). A finding is "clearly erroneous" when the

4

reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A decision is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, Case No. 2:97-cv-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (citations omitted).

The Court turns first to the issue of jurisdiction. The Court agrees with the Magistrate Judge that the Court has jurisdiction and overrules Respondent's objections to that determination (ECF No. 177 at PageID 13518-20; ECF No. 198, at PageID 14196-02).

"In determining the scope of a district court's jurisdiction," the Court of Appeals for Sixth Circuit has explained, "our starting point is that the lower federal courts are courts of limited jurisdiction and possess only those powers granted to them by Congress." *Baze v. Parker*, 632 F.3d 338, 341 (6th Cir. 2011) (citing *Finley v. United States*, 490 U.S. 545, 550 (1989) (quoting *Aldinger v. Howard*, 427 U.S. 1, 15 (1976)). The Sixth Circuit went on to explain that federal courts are to infer jurisdiction narrowly, especially "where an expansion of jurisdiction would implicate federalism concerns." *Baze*, 632 F.3d at 341 (citing *United States v. Bass*, 404 U.S. 336, 349 (1971)). The Sixth Circuit continued, "[f]ederalism concerns are particularly strong in criminal matters, and, absent a clear directive from Congress or the Constitution, a federal court should be loath to assume jurisdiction to interfere with state criminal proceedings, including postconviction proceedings." *Baze*, 632 F.3d at 341 (citations omitted).

The All Writs Act provides in relevant part, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Petitioner argues in claim ten (D) that his trial attorneys were ineffective in connection with the

5

mitigation phase of his trial for failing to order neurological testing. Petitioner notes that trial counsel were aware of the fact that Petitioner had suffered a severe brain injury at the age of seventeen and had other unspecified brain dysfunction. Petitioner asserts that he requires the results of neurological testing to prove that he was prejudiced by counsel's deficient performance. To obtain those results, however, he needs an order from this Court directing the Warden to transport him for that testing. The Court is satisfied that issuing such an order would be necessary in aid of the Court's congressionally granted habeas corpus jurisdiction to determine the legality of Petitioner's incarceration by assessing the merits of his constitutional claims. That is essentially what the Magistrate Judge found, and the undersigned is in agreement.

In his initial Decision and Order, the Magistrate Judge found that "the Court . . . has jurisdiction to issue the order under the All Writs Act." (ECF No. 172, at PageID 13160.) After citing examples of the Court's jurisdiction to order the production of documents and to compel testimony, the Magistrate Judge continued:

> [T]he current request is analogous. It is not Elmore's testimonial evidence that is sought, but rather physical evidence in the form of scans of his brain, scans which cannot be obtained without bringing him to the place where the testing is to be conducted. Use of the writ *ad testificandum* as requested would be ancillary to the Court's undoubted jurisdiction to adjudicate the underlying Petition. * * *

(*Id.*) The Magistrate Judge rejected Respondent's objection that in the absence of convening an evidentiary hearing pursuant to 28 U.S.C. § 2254(e)(2), a district court lacks the jurisdiction to issue a writ *ad testificandum* to compel a petitioner's custodian to transport the petitioner for desired testing (ECF No. 177, at PageID 13518-20). In his Supplemental Opinion, the Magistrate Judge explained that if Petitioner's representations that trial counsel were ineffective for failing to request a PET scan and present that evidence in mitigation; the absence of such

6

evidence from the trial record prevented Petitioner from litigating the claim on direct appeal; the trial court's denial during postconviction proceedings of requested funding for a PET scan has left this proceeding as the first instance that Petitioner could develop and present such evidence; the state courts' application of the *res judicata* bar during postconviction proceedings was in error; and the state courts' denial of funding for a PET scan is not procedurally defaulted either – "then the evidence sought could be ancillary to his claim in habeas of ineffective assistance of counsel." (ECF No. 192, at PageID 14115.) The Court understands this reasoning to mean, in the context of the plain language of the All Writs Act, that ordering the Warden to transport Petitioner for neurological testing would be in aid of the Court's jurisdiction to assess the merits of Petitioner's constitutional claims en route to determining the legality of Petitioner's continued incarceration. The Court agrees with and adopts this reasoning.

The Court is aware of several decisions, including one by the Sixth Circuit, reaching a different result on this issue. But the Court is of the view that those decisions are distinguishable. In *Baze v. Parker*, the Sixth Circuit held that neither the federal funding statute set forth at 18 U.S.C. § 3599[1] nor the All Writs Act gave the district court jurisdiction to grant Baze's request, in connection with his pursuit of state clemency, for an order requiring

---

[1] 18 U.S.C. § 3599(a)(2) provides: "In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

18 U.S.C. § 3599(f) provides in relevant part: "Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefore...."

correctional personnel to submit to interviews by Baze's counsel. 632 F.3d at 342-46. With respect to § 3599, the Sixth Circuit rejected Baze's argument that if the statute empowers federal courts to fund an attorney's efforts to obtain reasonably necessary investigative services in connection with state clemency proceedings,[2] then the statute necessarily empowers federal courts to manage and enforce the collection of evidence in state clemency proceedings. According to the Sixth Circuit, "[s]uch a broad oversight power is in tension with the longstanding principle that 'we do not sit as super appeals courts over state commutation proceedings.'" *Baze*, 632 F.3d at 342 (quoting *Workman v. Bell*, 245 F.3d 849, 852 (6th Cir. 2001) (citing *Ohio Adult Parole Auth. V. Woodard*, 523 U.S. 272, 276 (1998))).

The Sixth Circuit similarly dismissed Baze's alternative argument that the All Writs Act provided jurisdiction for the district court to order the correctional facility to allow Baze to interview correctional personnel and inmates. Noting that the All Writs Act provides federal courts only with the authority to issue writs in aid of their respective jurisdictions, and not with an independent source of jurisdiction, the Sixth Circuit concluded, as it did with respect to the § 3599 argument, that "jurisdiction to appoint and fund counsel for a state clemency proceeding is not, as Baze would have it, bundled with jurisdiction to oversee the state clemency proceeding itself." *Baze*, 632 F.3d at 346.

Baze sought an order to compel certain actions in connection with a pursuit of state clemency. *Id.* at 339-40, 341, 342. Petitioner herein seeks an order for transport in connection with a pursuit of habeas corpus relief. That distinction is pivotal to the determination of whether

---

[2] In *Harbison v. Bell*, 556 U.S. 180 (2009), the Supreme Court held that federal courts have the authority pursuant to § 3599(f) to expand the representation by attorney already appointed via that statute to represent a death-sentenced individual in habeas corpus to continue

8

the All Writs Act empowers this Court to order the relief Petitioner seeks.

The Court is aware of a pair of unreported decisions out of the Northern District of Ohio reaching a different result on precisely the same issue. Those decisions are similarly distinguishable. In *Trimble v. Bobby*, Case No. 5:10-cv-149, 2011 WL 900997 (N.D. Ohio Mar. 14, 2011), the district court held, in the context of an ongoing habeas corpus proceeding, that *Baze v. Parker* compelled a finding that neither § 3599 nor the All Writs Act empowered the district court to order Trimble's transport for neurological testing in support of his claim of mitigation-phase ineffective assistance of counsel. On a motion for reconsideration, the district court expressly rejected Trimble's argument that *Baze* was distinguishable because it was decided in the context of a state clemency proceeding as opposed to an ongoing habeas corpus proceeding. *Trimble v. Bobby*, Case No. 5:10-cv-149, 2011 WL 1527323, at *1-2 (N.D. Ohio April 19, 2011). Specifically, the district court noted that because consideration of the new evidence (results of neurological testing) would be precluded by *Cullen v. Pinholster*, 563 U.S. 170 (2011), ordering Trimble's transport for the purpose of gathering evidence that could not be considered would not be in aid of the Court's § 2254 jurisdiction.[3] *Id.* at *2-3. This Court disagrees for two reasons.

First, this Court is of the view that district court's reasoning above conflates two distinct issues: one, whether ordering transport to collect new evidence would on its face be in aid of the federal court's duty to determine the constitutionality of the movant's incarceration; and two, whether the federal court ultimately can consider that new evidence. Magistrate Judge Merz

---

that representation in state clemency proceedings.

[3] In *Pinholster*, the Supreme Court held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181.

9

recognized that distinction as well, holding that the reason for which Petitioner sought transport—to obtain neurological test results—would be in aid of the Court's jurisdiction to adjudicate Petitioner's ineffective assistance claim but then ultimately holding that transport was nonetheless not warranted because it appeared that procedural default would preclude the Court from considering the merits of the claim and thus any new evidence supporting it. That is, in Magistrate Judge Merz's analysis, the secondary issue of whether the Court could ultimately consider results of the neurological testing did not inform the threshold issue of whether ordering transport to obtain those results would on its face be in aid of the Court's habeas jurisdiction.

Second, although the district court in *Trimble* was confident that its consideration of any new evidence supporting Trimble's mitigation-phase ineffective assistance claim would be precluded by *Pinholster*, this Court does not find itself in as firm a position at this stage of the proceedings to confidently make any determination that it would be precluded from considering the new evidence that Petitioner Elmore seeks—in this case, by procedural default--even if the Magistrate Judge did. That being so, for the reasons discussed more fully above, this Court is of the view that the All Writs Act empowers the Court to issue an order for transport because the evidence-collection that that order will facilitate would aid this Court in its existing habeas corpus jurisdiction to assess the constitutionality of Petitioner's incarceration.

None of the cases cited by Respondent outlining the various restrictions on federal habeas corpus review, (ECF No. 177, at PageID 13518-19; ECF No. 198 at PageID 141-14202), speaks to the issue of whether the All Writs Act, in this instance, provides this Court with jurisdiction to issue an order for transport. On September 12, 2019, Respondent filed a Notice of Supplemental Authority setting forth just a block-quoted excerpt from *Lamb v. Wilson*, Case No. 2:14-cv-218, 2015 U.S. Dist. LEXIS 83102 (W.D. Mich. Jun. 26, 2015). There, an inmate pursuing a § 1983

action against various state-actor defendants for their alleged failure to provide adequate medical care for his back injury sought an order compelling the prison to transport him for a medical examination and to pay for that examination. The district court held, among other things, that the All Writs Act did not authorize a district court to order the state-actor defendants to transport the inmate for a medical examination or to pay for that examination.

The Court is of the view that *Lamb* is also distinguishable. *Lamb* is a § 1983 case, as opposed to a habeas corpus case. Respondent does not explain why a § 1983 case would be analogous to a habeas corpus case vis-à-vis the issue before the Court. To that point, Respondent does not cite to any § 1983 case where jurisdiction pursuant to the All Writs Act to order transport an inmate was ordered or upheld. And this Court is aware of an unpublished decision out of this district and division, citing a published decision from the Court of Appeals for the Seventh Circuit, finding that the Court had no jurisdiction to order transport of an inmate in a § 1983 case. *Wilson v. Hill*, Case No. 2:08-cv-552, 2011 U.S. Dist. LEXIS 45717, at *5 (S.D. Ohio East. Div. Apr. 27, 2011). In short, the fact that a federal court may not have jurisdiction to order transport in a § 1983 is inapposite to the question of whether a federal court has such jurisdiction in a habeas corpus case. The Court accordingly overrules Respondent's objections (ECF No. 177 at PageID 13518-20; ECF No. 198, at PageID 14196-202) and concludes that this Court has jurisdiction to order the Warden to transport Petitioner for neurological testing.

In addition to the Objections (ECF No. 173) that he raised as to the Magistrate Judge's original Decision denying the motion to transport based on a finding of procedural default (ECF No. 172), Petitioner raises several objections to the Magistrate Judge's Supplemental Opinion. (ECF No. 195.) Petitioner states his first objection as follows: "First, Magistrate Judge Merz erred by failing to apply *de novo* review to Mr. Elmore's underlying claim because the state

court's application of *res judicata* was improper. *See*, Supp. Op., ECF No. 192, PageID 14117." (ECF No. 195, at PageID 14175.) Petitioner states his second objection as follows: "Second, Magistrate Judge Merz improperly concludes that 'the state trial court's denial in post-conviction of funds necessary to conduct a PET scan' is 'procedurally defaulted' and thus prevents the development of such evidence here. *See id.* at PageID 14119-20." (ECF No. 195, at PageID 14175-76.) Petitioner states his final objection as follows: "Third, Magistrate Judge Merz errantly asserts that the equitable principles of *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013) have no application here." (ECF No. 195, at PageID 14176.)

As a preliminary matter, the Court agrees with the Magistrate Judge's determination that the evidence for which Petitioner seeks transport would be relevant to his claim that his trial attorneys were ineffective for failing to obtain and present PET scan results during the mitigation phase of Petitioner's trial. (ECF No. 172, at PageID 13163-64.)

The gravamen of the Magistrate Judge's decision against granting Petitioner's motion to transport is that the claim for which Petitioner seeks the evidence is barred by procedural default. Specifically, the Magistrate Judge determined in the first instance that the procedural default enforced by the state appellate court in postconviction—Petitioner's raising his claim in postconviction instead of on direct appeal in violation of Ohio's *res judicata* rule—is a default that the Sixth Circuit has consistently upheld as an adequate and independent basis upon which to deny a habeas claim. (ECF No. 172, at PageID 13166; ECF No. 192, at PageID 14117.) The Magistrate Judge further determined that even if the state appellate court's application of that procedural default was improper, based on Petitioner's argument that he could not have fully and properly litigated that claim on direct appeal without the PET scan results, the fact remains that when Petitioner did raise the claim in postconviction, because the claim relied on evidence (the

12

PET scan results) outside of the record, Petitioner failed to supply that evidence. And the argument that he offers to excuse that failure—namely, the state trial court's denial of his request for funds for the PET scan—is an argument that Petitioner never appealed to the state appellate court, thereby waiving it and leaving the claim defaulted as improperly raised in postconviction instead of on direct appeal. (ECF No. 172, at PageID 13166; ECF No. 192, at PageID 14118 and 14120.)

The Court is generally in agreement with the Magistrate Judge's conclusions, and certainly finds in them no clear errors of law or fact. But because, as the Magistrate Judge recognized, "[t]he procedural default defense is not before the Court for adjudication at this point in time" (ECF No. 172, at PageID 13166), the Court will deny Petitioner's motion to transport without prejudice to reconsideration, should the Court determine, when the procedural default defense *is* decisional, that Petitioner's claim is not barred by procedural default.

Petitioner's objections are thus OVERRULED, with one exception. Petitioner objects to the Magistrate Judge's determination that the Sixth Circuit has yet to recognize the applicability in Ohio of the *Martinez/Trevino* "cause" exception to a trial-court level postconviction default of certain claims of ineffective assistance of trial counsel. (ECF No. 173, at PageID 13180-81; ECF No. 195, at PageID 14176, 14180-81.) The Court takes judicial notice that a three-judge panel of the Sixth Circuit recently concluded that the *Martinez/Trevino* "cause" argument does apply in Ohio in certain circumstances. *White v. Warden, Ross Corr. Inst.*, 940 F.3d 270, 276-78 (6th Cir. 2019). Noting that the Magistrate Judge did not have the benefit of the *White* decision when he issued his Decision and Supplemental Order, and without expressing any opinion as to whether Petitioner can actually avail himself of the *Martinez/Trevino* "cause" argument to excuse any potential default of the claim at issue herein, the Court SUSTAINS Petitioner's *Martinez/Trevino*

13

objection.

With the exception noted immediately above, the Court **OVERRULES** Petitioner's Objections (ECF Nos. 173 at 195) and **OVERRULES** Respondent's Oppositions, construed as objections, (ECF Nos. 177 and 198). The Court accordingly **ADOPTS** the Magistrate Judge's Decision and Order (ECF No. 172) and Supplemental Opinion (ECF No. 192) and **DENIES** Petitioner's Motion to Transport (ECF No. 169). The Court adds that its denial is **without prejudice** subject to reconsideration should the Court determine that the claim at issue is not barred by procedural default.

**IT IS SO ORDERED.**

11-5-2019
EDMUND A. SARGUS, JR.
**UNITED STATES DISRICT JUDGE**