# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**PHILLIP ELMORE,**

      **Petitioner,**

**v.**

      **Case No. 1:07-cv-776**
      **District Judge Edmund A. Sargus, Jr.**
      **Magistrate Judge Michael R. Merz**

**TIM SHOOP, Warden,**

      **Respondent.**

## OPINION AND ORDER

Petitioner, an inmate sentenced to death by the State of Ohio, has pending before this Court a Habeas Corpus Petition pursuant to 28 U.S.C. § 2254. Petitioner seeks to amend his petition, to obtain an evidentiary hearing, and to stay these proceedings. Specifically, before the Court are the following:

> - Petitioner's Motion to Amend (ECF No. 175);
>
> - Petitioner's Motion for Evidentiary Hearing (ECF No. 183);
>
> - Respondent's Opposition to Doc. 175 Motion to Amend and to Doc. 183 Motion for an Evidentiary Hearing (ECF No. 186);
>
> - Petitioner's Motion to Stay and Abate Federal Habeas Corpus Proceedings Pending Disposition of Successive State Post-Conviction Petition (ECF No. 187);
>
> - Petitioner's Reply to Doc. 186 Response to Doc. 175 Motion to Amend (ECF No. 193);
>
> - Petitioner's Reply to Doc. 186 to Doc. 183 Motion for Evidentiary Hearing (ECF No. 194);

➢ Respondent's Opposition to Doc. 187 Motion to Stay (ECF No. 196);

➢ Petitioner's Reply to Doc. 196 Response to Doc. 187 Motion to Stay and Abate Federal Proceedings (ECF No. 197);

➢ The Magistrate Judge's Decision and Order on Motions to Amend and Stay and for Evidentiary Hearing (ECF No. 207);

➢ Petitioner's Objections to Doc. 207 Order of the Magistrate Judge on Motions to Amend, to Stay, and for Evidentiary Hearing (ECF No. 212);

➢ This Court's Recommittal Order (ECF No. 213);

➢ Respondent's Opposition to Doc. 212 Objections (ECF No. 214);

➢ Petitioner's Reply to Doc. 214 Opposition to Objections (ECF No. 218);

➢ The Magistrate Judge's Supplemental Opinion and Recommendations (ECF No. 220);

➢ Petitioner's Objections to, and Appeal from, Doc. 220 Supplemental Opinion and Recommendations (ECF No. 226); and

➢ Respondent's Opposition to Doc. 226 Objections (ECF No. 227).

*Overview*

Petitioner seeks to amend his petition to add a new claim (claim 20), convert the legal basis of an existing claim (claim 6(C)), and reword three other existing claims (claims 10(D), 10(G), and 10(H)). He also moves for an evidentiary hearing, and for the Court to stay these proceedings and hold them in abeyance while Petitioner returns to the state courts to present the new claims that he seeks to add to his petition. After hearing oral arguments and issuing two decisions, the Magistrate Judge has concluded that

2

Petitioner is not entitled to add claim 20 or amend claim 6(C), but is permitted to reword claims 10(D), 10(G), and 10(H) because the rewording does not fundamentally alter those claims as pleaded. The Magistrate Judge has also determined that because amendment is not warranted, the petition is not mixed and therefore does qualify for stay and abeyance. Finally, the Magistrate Judge has found that Petitioner's request for an evidentiary hearing should be denied without prejudice as premature.

According to Fed. R. Civ. P. 72(a), when a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, Case No. 2:97-cv-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (citations omitted).

### *Motion to Amend*

A motion to amend a habeas corpus petition is, per 28 U.S.C. § 2242, subject to

3

the same standards that apply generally to motions to amend under Fed. R. Civ. P. 15(a).

In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court set forth the standard for

considering a motion to amend under Fed. R. Civ. P. 15(a) as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a
> proper subject of relief, he ought to be afforded an opportunity to test his
> claim on the merits. In the absence of any apparent or declared reason--
> such as undue delay, bad faith or dilatory motive on the part of the movant,
> repeated failure to cure deficiencies by amendments previously allowed,
> undue prejudice to the opposing party by virtue of any allowance of the
> amendment, futility of amendment, etc.--the leave sought should, as the
> rules require, be "freely given."

371 U.S. at 182; *see also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (citing

*Foman* standard). In considering whether to grant motions to amend under Rule 15, a

court should consider whether the amendment would be futile, *i.e.*, if it could withstand a

motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.*, 958 F.2d

742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th

Cir. 1986); *Commc'n. Sys., Inc. v. City of Danville*, 880 F.2d 887, 895-96 (6th Cir. 1989);

*Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983);

*Neighborhood Dev. Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980).

Likewise, a motion to amend may be denied if it is brought after undue delay or with

dilatory motive. *Foman*, 371 U.S. at 182; *Prather v. Dayton Power & Light Co.*, 918

F.2d 1255, 1259 (6th Cir. 1990).

A claim added by amendment "relates back" to the date of filing of the complaint

in a civil case and thereby avoids any statute of limitations bar if it "arose out of the

4

conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court has applied the relation back doctrine narrowly in habeas corpus cases:

> An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005).

Petitioner seeks to amend his Third Amended Petition, first to add a claim (claim 20) that he is intellectually disabled and therefore ineligible for the death penalty[1], but also to add new case law and/or allegations to existing claims. Specifically, Petitioner seeks to reword or add to the following paragraphs in his Third Amended Petition: 67, 92, and 100 (discussing in the "Preliminary Facts" section Dr. Smalldon's failures at trial); paragraphs 107, 108, 173, and 198-206 (incorporating into claim 6(C) the decision of *McCoy v. Louisiana*, 584 U.S. ___, 138 S.Ct. 1500 (2018) vis-à-vis trial counsel's concession of guilt without Petitioner's prior knowledge and consent); paragraphs 247, and 286-293 (discussing in claim 10(D) trial counsel's failure to obtain certain neurological tests); paragraphs 297-298 (clarifying in claim 10(E)'s discussion of counsel's failure to obtain a cultural expert that Petitioner's father was an abusive alcoholic); paragraphs 301, and 319-328 (discussing in claim 10(G) the failures of trial counsel and Dr. Smalldon in establishing Petitioner's intellectual disability); and

---

[1] The Court notes that Petitioner has been granted an evidentiary hearing in the state

paragraphs 329-337 (discussing in claim 10(H) counsel's failure to obtain a substance abuse expert).

In a Decision and Order issued on July 24, 2019 (ECF No. 207) and a Supplemental Opinion and Recommendations issued on October 18, 2019 (ECF No. 220), the Magistrate Judge determined as a preliminary matter that Petitioner's motion was unduly delayed. The Magistrate Judge also found that Petitioner's proposed claim 20 and proposed claim 6(C) would be futile because the Supreme Court decisions upon which those claims are based do not apply retroactively to cases on collateral review and because proposed claim 20 is also time-barred. Finally, as noted above, the Magistrate Judge concluded that Petitioner should be permitted to reword claims 10(D), 10(G), and 10(H) because the rewording does not fundamentally alter those claims as pleaded.

In Objections filed on August 30, 2019 (ECF No. 212), Petitioner raises the following objections to the Magistrate Judge's decision on amendment:

> I. The Magistrate has improperly denied Phillip Elmore leave to amend his petition to include claim 20, alleging that Elmore is intellectually disabled and exempt from execution under the Eighth Amendment.
>
> > ➢ Magistrate Judge Merz has improperly denied amendment of claim 20 by asserting "undue delay," which was never argued by Respondent and waived, and clearly erroneous
> >
> > ➢ Magistrate Judge Merz has improperly denied amendment of claim 20 by asserting "dilatory motive," which was never argued by Respondent and waived, and is also untrue.
> >
> > ➢ Magistrate Judge Merz has improperly denied amendment of claim

trial court on his intellectual disability claim. (ECF No. 230.)

20 by asserting that *Hall v. Florida*, 572 U.S. 710 (2014) and *Moore v. Texas*, 137 S.Ct. 1039 (2017) are not retroactive, and his conclusion overlooks *Hall*, *Moore*, and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), all of which prove that *Hall* and *Moore* are retroactive, and Elmore's amendment is not "clearly futile" or "plainly without merit."

➢ Magistrate Judge Merz's assertion that claim 20 is barred by the statute of limitations is contrary to law and clearly erroneous, where Magistrate Judge Merz has failed to address almost all of Elmore's arguments showing that Elmore's claim must be decided on its merits, notwithstanding any statute of limitations argument: Elmore's intellectual disability claim is not "plainly without merit" or "clearly futile" based on when it was raised in federal court.

II. The Magistrate has improperly denied Phillip Elmore leave to amend claim 6(C) to assert a violation of *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018).

(ECF No. 212, at PageID 14896-14926.)

Following this Court's recommittal order (ECF No. 213), the Magistrate Judge on October 18, 2019 issued a Supplemental Opinion and Recommendations rejecting Petitioner's objections and again concluding that Petitioner should not be permitted to add claim 20 or amend claim 6(C) as proposed. (ECF No. 220.)

In Objections filed on November 14, 2019, Petitioner raises the following objections to the Magistrate Judge's Supplemental Opinion:

I. The Magistrate Judge has erroneously relied on undue delay as a basis for denying leave to amend where Respondent has never asserted nor shown undue delay.

II. The Magistrate Judge has erroneously relied on "dilatory motive" as a basis for denying leave to amend where Respondent has never asserted nor proven any such dilatory motive, and none actually exists.

7

III. The Magistrate Judge has failed to acknowledge that governing case law counsels granting leave to amend unless a claim is "plainly meritless" or "clearly futile."

IV. The Magistrate Judge has erroneously concluded that Phillip Elmore's intellectual disability claim should be considered futile, even though it is not "plainly meritless" or "clearly futile" on the grounds that *Hall* and *Moore* are not retroactive.

V. The Magistrate Judge has erroneously concluded that Phillip Elmore's intellectual disability claim would be futile given the statute of limitations contained in 28 U.S.C. §§ 2244(d)(1)-(4).

VI. The Magistrate Judge has erroneously concluded that Phillip Elmore's amendment in light of *McCoy v. Louisiana*, 584 U.S. ___, 138 S.Ct. 1500 (2018) would be futile because *McCoy* is not retroactive.

(ECF No. 226, at PageID 15079-96.)

The Court addresses each objection in turn.

*Undue Delay and Dilatory Motive*

Petitioner objects to the Magistrate Judge's reliance, in rejecting Petitioner's motion to add claim 20 and amend claim 6(C), on findings of "undue delay" and "dilatory motive." Petitioner's primary grievance is that because Respondent did not raise the issues of "undue delay" or "dilatory motive," and the Magistrate Judge did not inquire about the matter during oral arguments, Petitioner was not on notice that he needed to address them and it was error for the Magistrate Judge to rely on them as a basis for rejecting Petitioner's motion to amend. Petitioner's argument is unpersuasive. For one thing, Respondent *did* raise the issues of undue delay and untimeliness. (ECF No. 186, at PageID 13946, 13949, 13952.) Beyond that, the Magistrate Judge correctly

8

looked to *Foman* in assessing the motion to amend, and *Foman* unmistakably includes among the factors to weigh whether the movant engaged in undue delay or with dilatory motive. Petitioner does not dispute that *Foman* applies; nor can he. Petitioner's suggestion that "undue delay" and "dilatory motive" cannot be considered unless expressly raised by the non-moving party is belied by *Foman*'s very language, which directs any reviewing court to consider such factors, whether "***apparent*** or declared." *Foman*, 371 U.S. at 182 (emphasis added). And Petitioner will not be heard to argue that he was not on notice that he needed to address these issues—even if Respondent had not raised those issue, *Foman* was Petitioner's notice. The cases upon which Petitioner relies in support of this argument (ECF No. 212, at PageID 14903-05; ECF No. 226, at PageID 15080-85) are not only not binding, they are not persuasive that only *Foman* factors that are raised by the non-moving party may be considered when reviewing a motion to amend. They are even less availing where, as here, Respondent did raise the issues of undue delay and untimeliness. Petitioner's objection is **overruled**.

Petitioner also raises numerous arguments in connection with this objection as to why his motion to amend was not unduly delayed and why it is unfair for the Magistrate Judge to find that an intellectually disabled inmate who was reliant on previous counsel was at fault for the fact that his intellectual disability claim was not raised sooner. First, Petitioner argues that his motion is timely under 28 U.S.C. § 2244(d)(1)(C) because he filed it within one year of the decision of *Moore v. Texas*, 139 S.Ct. 666 (2019) ("*Moore*

*II*").[2] The Magistrate Judge determined that nothing in *Moore II*'s holding created the type of substantive legal right that would give rise to a new one-year limitations period within which a defendant on collateral review could assert that new right. (ECF No. 207, at PageID 14792; ECF No, 220, at PageID 14975-76.) Petitioner's protestations to the contrary understandably sound a perfunctory tone. (ECF No. 212, at PageID 14898-99, 14904-05, 14917; ECF No. 226, at PageID 15090.) The Magistrate Judge committed no error of law in this regard. *Moore II* cannot reasonably be read as creating a new substantive right that would give rise to a new one-year limitations period within which a petitioner on collateral review could assert that right. Petitioner's filing of his motion within one ear of *Moore II* does not make the filing timely. This objection is **overruled**.

Petitioner next argues that his motion is timely under 28 U.S.C. § 2244(d)(1)(D) because it was filed within one year of his discovery of the factual predicate (his intellectual disability as established by Dr. Grant's evaluation and report) upon which his proposed claim relies. Petitioner insists that he sought amendment as expeditiously as possible after newly appointed counsel began investigating the intellectual disability claim in light of *Hall v. Florida* and *Moore v. Texas*, and hired an intellectual disability expert to evaluate Petitioner and prepare a detailed report. (ECF No. 212, at PageID

---

[2] In *Moore v. Texas*, 137 S.Ct. 1039, 1053 (2017) ("*Moore I*"), the Supreme Court vacated a Texas appellate court's ruling that Moore was not intellectually disabled, finding that the appellate court had relied on factors with no grounding in prevailing medical practice. In *Moore II*, after the state appellate court on remand again determined that Moore was not intellectually disabled, the Supreme Court vacated that ruling on the ground that the appellate court's analysis was still over-reliant on factors not grounded in prevailing medical and practice and thus inconsistent with *Moore I*.

14899-900; ECF No. 226, at PageID 15091.)

The Magistrate Judge rejected any suggestion that the appointment of the Federal Public Defender in 2018 as new counsel constitutes a valid excuse for Petitioner seeking amendment as late as he did. (ECF No. 207, at PageID 14777; ECF No. 220, at PageID 14970.) Noting that Petitioner's prior appointed counsel were experienced capital litigators who vigorously litigated this case during their tenure, the Magistrate Judge stated that "[h]abeas petitioners should not get a fresh start on the undue delay clock on account of changing counsel, and the proposed amendment here has been unduly delayed." (ECF No. 207, at PageID 14777.) Not only is there is nothing contrary to law or clearly erroneous in this statement, the Undersigned wholly agrees with it. When a starting quarterback is replaced in the third quarter, the football game does not start over. Petitioner's objection is **overruled**.

Petitioner next argues, vis-à-vis the timeliness of his motion, that enforcing the statute of limitations to bar his motion would be unconstitutional as a matter of due process, in violation of Article I § 9 of the Constitution.[3] That is especially so here, according to Petitioner, because he is intellectually disabled and indigent, and therefore not at fault for the fact that his intellectual disability claim was not raised earlier. (ECF No. 212, at PageID 14900; ECF No. 226, at PageID 15091-92.) The Magistrate Judge correctly pointed out that however persuasive this argument is—and petitioners have

---

[3] Article I § 9 of the United States Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the

been raising it since the 1996 Antiterrorism and Effective Death Penalty Act for the first time established a statute of limitations for habeas corpus actions--no federal court has ever held that enforcement of the statute of limitations results in a suspension of the writ in violation of Article I § 9. (ECF No. 220, at PageID 14976.) This ruling is not contrary to law; it is in keeping with the law. Petitioner's objection is **overruled**.

Next, Petitioner argues that he is entitled to equitable tolling of any statute of limitations due to his intellectual disability, his indigence, and the appointment in 2018 of the Federal Public Defender. He objects that he cannot be faulted for prior counsel's failure to assert his intellectual disability claim sooner, especially where his current counsel has acted promptly. (ECF No. 212, at PageID 14900; ECF No. 226, at PageID 15094.) The Magistrate Judge rejected this argument on the ground that Petitioner was represented by two highly qualified capital habeas attorneys prior to the substitution of the Federal Public Defender. (ECF No. 220, at PageID 14978.) There is no error of law or fact in this conclusion.

Petitioner's argument again is rooted in a misplaced reliance on the asserted import of the appointment of new counsel, as well as on the asserted merits--to the point of extraordinariness--of the proposed claim to forgive its untimeliness. But what really is extraordinary about the circumstances set forth above? It is not unusual for indigent habeas petitioners to obtain new counsel. Habeas petitioners raise intellectual disability claims often enough that there is a body of Supreme Court case law, beginning with

public safety may require it."

*Atkins v. Virginia*, 536 U.S. 304 (2002), governing those claims. And habeas petitioners assert claims of ineffective assistance for the failure to obtain proper mental health experts so often that the Court cannot recall the last capital habeas case it considered that did not include such a claim. Petitioner's plea for equitable tolling stems from new counsel's purported discovery of an intellectual disability claim so obvious that trial counsel's and previous habeas counsel's failure to assert the claim justifies the delay in asserting it now. But as the Magistrate Judge observed, "this is not the Federal Public Defender's case, it is Phillip Elmore's case. It did not become a new case, with all past occurrences becoming irrelevant, when the Federal Public Defender was appointed." (ECF No. 220, at PageID 14970.) This Court has already expressed its unequivocal endorsement of the undisputed legal truism that a habeas case does not restart any time new counsel is appointed. There are simply no extraordinary circumstances here that warrant the unique remedy of equitable tolling. Petitioner's objection is **overruled**.

Petitioner's next argument is that barring his proposed claim on the ground of untimeliness would result in a fundamental miscarriage of justice. (ECF No. 212, at PageID 14900; ECF No. 226, at PageID 15092.) Petitioner asserts that he satisfies the "fundamental miscarriage of justice" standard set forth in *Sawyer v. Whitley*, 505 U.S. 333, 348, 350 (1992), where the Supreme Court held that a movant is actually innocent of the death penalty, sufficient to excuse procedural default (and a time-bar), if he shows by clear and convincing evidence that but for a constitutional error at his sentencing hearing, no reasonable juror would have found him eligible for the death penalty under state law.

13

*See also McQuiggin v. Perkins*, 569 U.S. 383 (2013). The Magistrate Judge concluded that, to the extent Petitioner's argument is that Dr. Grant's evaluation of Petitioner's intellectual disability constitutes new evidence satisfying the gateway requirement, Dr. Grant's evidence may be "new" in the sense that it was never presented to the jury, but "given the fact that there was expert testimony by a qualified psychologist at trial that Elmore was not intellectually disabled, the Court cannot say that no rational juror could have found against Elmore on this issue." (ECF No. 220, at PageID 14977.)

Petitioner objects to this finding as clearly erroneous because "it overlooks critical evidence presented in these proceedings which establishes that testimony from Elmore's mitigation witness, Jeffrey Smalldon, was wholly unreliable, completely inaccurate, and wrong." (ECF No. 226, at PageID 15093.) Petitioner continues:

> [Dr.] Smalldon himself admits in this Court that: (a) he *was not*, in fact, a "qualified psychologist" in the field of intellectual disability (as Dr. Grant is); (b) at trial, he did not review applicable standards for diagnosing intellectual disability (as Dr. Grant has); (c) he did not conduct an adaptive deficit assessment necessary for the diagnosis of intellectual disability (as is required by *Hall* and *Moore*, and as Dr. Grant has done); (d) he did not pay "sufficient attention to the question of whether Mr. Elmore may have had adaptive functioning deficits;" (which Dr. Grant has done); (e) he cannot say that he reviewed Elmore's school records showing low IQ equivalent test scores (as Dr. Grant did) and (f) he should have conducted a more thorough inquiry into the possibility that Elmore is intellectually disabled."

(ECF No. 226, at PageID 15093-94 (citing Affidavit of Jeffrey Smalldon, Ph.D., ECF No. 183-9, at PageID 13675-77).)

This Court has previously expressed skepticism about the import of one expert, years after the fact, calling into question the validity of another expert's opinion rendered

at trial. In *Sowell v. Collins*, 557 F. Supp. 2d 843 (S.D. Ohio 2008), the Court addressed a claim in which the petitioner sought to challenge the competence of two experts who had evaluated the petitioner at trial by showing that another expert found the methodology, work, and results of the trial experts to be inadequate and below commonly accepted professional standards. The Court noted that "it will nearly always be possible, after the fact, to find one expert who disagrees with another and to procure an affidavit to that effect from the second prospective witness, and in this case, nothing in the record suggests that the evaluations performed by Drs. Cooper and Schmidtgoessling were substandard, or that either expert was incompetent." *Id.* at 891. The Court realizes that here, it is faced with not just a second expert, Dr. Grant, questioning Dr. Smalldon's testimony about Petitioner's not being intellectually disabled, but also Dr. Smalldon himself raising questions about his own testimony to that effect. As explained below, that is perhaps to be viewed with even more skepticism.

In any event, Dr. Smalldon's testimony cannot be discounted as "wholly unreliable, completely inaccurate, and wrong," (ECF No. 226, at PageID 15093), given the tests he administered, his experience and credentials as a clinical psychologist, and, most importantly, the manner in which he qualified his testimony. Dr. Smalldon testified that he was a clinical psychologist, and he provided an explanation of the practice of clinical psychology and forensic psychology. (ECF No. 138-3, at PageID 6678-79.) He further explained that he understood his task as conducting a wide-ranging clinical and neuropsychological evaluation with an eye toward being able to raise with defense

counsel any mental health-related issues—such as competency, insanity, and psychosocial history. (*Id.* at PageID 6687-88.) His testimony about intellectual disability essentially consisted of a single answer to a single question:

> Q.      How about mental retardation?
>
> A.      I didn't have any questions about his mental retardation, either. Had I thought there were reasons to question whether Mr. Elmore might be mentally retarded, that would have been a very critical issue for me to bring to the attention of defense counsel. I did not see any reason to suspect that Mr. Elmore was mentally retarded.

(*Id.* at PageID 6689.)

Dr. Smalldon did not hold himself out as an intellectual disability expert and there is no evidence to suggest the jury believed him to be. Dr. Smalldon did not testify or even suggest that he had conducted a full intellectual disability assessment and was offering an expert opinion that Petitioner was not intellectually disabled. He testified only that he had no reason to suspect that Petitioner might be intellectually disabled sufficient to alert defense counsel. And that was testimony that he was qualified to offer. Dr. Smalldon had several meetings with Petitioner and conducted a wide-ranging battery of tests, one set of which included a standardized IQ test and the Wechsler Adult Intelligence Scale to determine actual ability levels as opposed to IQ or potential ability levels. (*Id.* at PageID 6691-92.) He also reviewed some school records from which he concluded that Petitioner was not a good student. (*Id.* at PageID 6718.) He later recounted that neuropsychological tests are geared toward identifying the presence of a head injury or learning disability. (*Id.* at PageID 6723-24.) Dr. Smalldon proceeded to

16

discuss IQ tests, including the concept of standard deviation, and noted that Petitioner

scored in the lower 70's, which is usually indicative of mild mental retardation. (*Id.* at

PageID 6727-28.) He reiterated, however:

> As I said earlier, I do not believe that Mr. Elmore is mentally retarded, and,
> in fact, I believe that at his best, when he wasn't in jail, wasn't under the
> kind of stress he was under, that he probably could have scored somewhat
> better than that. My best estimate based on everything I know about him is
> that maybe at his best, he would score in the high 70's or maybe the very
> low 80's.

(*Id.* at PageID 6728-29.)

In his affidavit, Dr. Smalldon averred that he was not a qualified psychologist in

the field of intellectual disability (ECF No. 183-9, at PageID 13675), but this Court is not

of the view that he ever held himself out to be or that there is reasonable chance that the

jury believed him to be. He averred that he did not review applicable standards for

assessing intellectual disability or conduct an adaptive deficit assessment; but he never

represented to the jury that he had. That said, he did conduct IQ testing and actual ability

levels testing. And again, he did not render an expert opinion that Petitioner was not

intellectually disabled, only that he had no reason to suspect that Petitioner was

intellectually disabled sufficient to alert defense counsel. Dr. Smalldon also averred in

his affidavit that he did not pay sufficient attention to whether Petitioner may have had

adaptive functioning deficits and that he should have conducted a more thorough inquiry

into the possibility that Petitioner is intellectually disabled. (*Id.* at PageID 13676.) But

any expert, upon enough consideration, can persuade himself or herself to second-guess

their opinions after the fact—such evidence is of minimal probative value.

In view of the foregoing, the Court cannot find that the Magistrate Judge's reasoning for why Petitioner failed to demonstrate a fundamental miscarriage of justice was *clearly* erroneous. For that reason, Petitioner's objection in this regard is **overruled**.

Petitioner's final argument in objecting to the Magistrate Judge's finding of undue delay is that he should not be denied leave to add his proposed claim on the ground of untimeliness without first being afforded an evidentiary hearing. (ECF No. 212, at PageID 14918; ECF No. 226, at PageID 15092-93.) The pleadings before this Court include Petitioner's motion to amend, motion for an evidentiary hearing, two sets of objections, and a reply in support of the first set. And the Magistrate Judge heard oral arguments. Petitioner does not explain, and it is not otherwise apparent to the Court, what more Petitioner could present at an evidentiary hearing. This objection is **overruled**.

Petitioner raises several objections to the Magistrate Judge's finding of "dilatory motive." The Magistrate Judge concluded that every death row inmate has a strong motive to delay finality of his habeas case, especially where, as here, the Ohio Supreme Court does not set execution dates in its capital cases until the habeas proceeding is final. (ECF No. 207, at PageID 14777-78.) The Magistrate Judge continues, "[t]he motive to delay is so obvious that petitioners' counsel rarely attempt to rebut it when filing motions in these cases and Petitioner has not done so here." (*Id.* at PageID 14778.)

Petitioner first complains, as he did with the Magistrate Judge's finding of "undue

18

delay," that the Magistrate Judge erred in finding dilatory motive because Respondent never raised that issue. (ECF No. 212, at PageID 14905-06; ECF No. 226, at PageID 15082.) He also argues that it is unfair for the Magistrate Judge to fault Petitioner for not rebutting a presumption that was never raised. This argument has been considered and rejected. *Foman* governs consideration of a motion to amend and *Foman* includes "dilatory motive" as factor to be considered. Petitioner's waiver-based objection is **overruled**.

Petitioner next objects that the Magistrate Judge's finding was contrary to law and clearly erroneous because the record does not support a finding of "dilatory motive." (ECF No. 212, at PageID 14906-10; ECF No. 226, at PageID 15082-85.) Petitioner insists that "[c]ounsel's motives for moving to amend Phillip Elmore's petition to include his intellectual disability claim are a result of fully investigating Mr. Elmore's case upon appointment (as required by American Bar Association Guidelines), assessing current and applicable case law, and then promptly raising claims to vindicate Mr. Elmore's constitutional rights." (ECF No. 212, at PageID 14907.)

In the Supplemental Opinion, the Magistrate Judge, noting that Petitioner never testified about this issue, stated that motive must be inferred from circumstantial evidence. The Magistrate Judge concluded that "[i]f a rational person in Elmore's position [on death row and not seeking to "volunteer"] would have a motive to delay and if the effect of granting his Motion would be to create that delay, it is not inappropriate to impute that motive to him." (ECF No. 220, at PageID 14971.) In his second set of

19

objections, Petitioner continues to insist that his only motive is to ensure that an intellectual disabled person's constitutional rights are fully vindicated, and adds that the Magistrate Judge's reasoning creates disparate treatment of capital petitioners. (ECF No. 226, at PageID 15083-84.)

As a preliminary matter, any reliance again on the fact that the Federal Public Defender was substituted as counsel in 2018 weakens Petitioner's argument against a finding of "dilatory motive." Moreover, the Court is of the view that an inference of at least some level of dilatory motive under these circumstances is not unreasonable. It is certainly not contrary to law or clearly erroneous. In any event, it is just one factor to be considered and, here, it does not appear to be dispositive of the issue of whether amendment is warranted. Accordingly, Petitioner's objection to the Magistrate Judge's finding of "dilatory motive" is **overruled**.

In sum, Petitioner's objections to the Magistrate Judge's conclusion that "undue delay" and "dilatory motive" cut against allowing amendment (ECF No. 212, at PageID 14898-910; ECF No. 226, at PageID 15079-85) are **OVERRULED**.

*Futility and Retroactivity*

Petitioner objects to the Magistrate Judge's determination that his proposed amendment to add claim 20, and to change the legal theory underlying claim 6(C), would be futile because the decisions upon which those claims rely—*Hall v. Florida* and *Moore v. Texas* as to claim 20, and *McCoy v. Louisiana* as to claim 6(C)—do not apply retroactively to cases on collateral review.

Petitioner's first objection concerns the applicable standard of review. The Magistrate Judge correctly determined that *Foman* directs a reviewing court to ask whether a proposed amendment would be futile and that *Foman*'s futility standard is whether the proposed amendment could withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss. (ECF No. 207, at PageID 14776; ECF No. 220, at PageID 14971-73.) Petitioner urges this Court to apply a more lenient standard that would allow amendment unless the proposed claim is "clearly futile" or "plainly without merit"—a standard that the Magistrate Judge likened to very clear futility as opposed to mere futility. (ECF No. 220, at PageID 14972.) The Magistrate Judge identified the correct standard of review unmistakably set forth in *Foman* and applied within the Sixth Circuit and this district. (ECF No. 220, at PageID 14972-73.) None of the cases relied upon by Petitioner (ECF No. 226, at PageID 15085-86) require or persuade this Court to apply any other definition of futility than that set forth in *Foman*. And this Court is also in agreement with the Magistrate Judge's determination that "[w]hile some judges may prefer to allow the amendment and then test the viability of the claim on a motion to dismiss, the *Foman* futility test invites consideration of merits before allowing amendment." (ECF No. 220, at PageID 14973.) This Court has already decided that Petitioner's proposed amendment has been more than sufficiently briefed and addressed in oral arguments. Petitioner's objection as to the "futility" standard of review to be applied is **overruled**.

As noted earlier, the Magistrate Judge determined that allowing amendment to add Petitioner's proposed intellectual disability claim would be futile because the cases upon

which it relies—*Hall v. Florida* and *Moore v. Texas*—are not retroactive to cases on collateral review. (ECF No. 207, at PageID 14779-83; ECF No. 220, at PageID 14973-75.) Applying *Teague v. Lane*, 489 U.S. 288 (1989), where the United States Supreme Court set forth the two narrow circumstances under which a case decided after a defendant's case becomes final on direct review may nonetheless provide a basis for habeas corpus relief, the Magistrate Judge, concluded that:

> The substantive right in question was recognized in *Atkins*: intellectually disabled people may not be executed. *Hall* limits the procedures a State may use in determining intellectual disability: a State may not set an absolute cut-off of an IQ score above 70. *Moore I* further limits the procedures a State may use for that determination: it must assess intellectual disability in accordance with current medical standards. *Moore II* in effect applies *Moore I* to the record before the Texas Court of Criminal Appeals; it is properly seen as an enforcement of the mandate rule.

(ECF No. 207, at PageID 14782.) Petitioner objects to this determination.

First, Petitioner asserts that these decisions do apply retroactively because "the Eighth Amendment rules set forth in *Hall* and *Moore* were themselves applied retroactively in *Hall* and *Moore* – because both *Hall* and *Moore I* were cases on post-conviction review." (ECF No. 212, at PageID 14911; *see also* ECF No. 226, at PageID 15088.) But as the Magistrate Judge pointed out, *Hall* and *Moore I* did not create new Eighth Amendment rules that were then in turn applied to those cases on collateral review; rather, they applied the Eighth Amendment rule announced by *Atkins v. Virginia*, which is universally understood to apply retroactively. (ECF No. 220, at PageID 14974.) There is no error of law or fact in this determination.

Petitioner relies on *Montgomery v. Louisiana*, 136 S.Ct. 718, 735 (2016) for the proposition "that a rule is substantive and retroactive if it places someone within a class of persons exempt from capital punishment – which is precisely what *Hall* and *Moore* do." (ECF No. 212, at PageID 14912; *see also* ECF No. 226, at PageID 15087-88.) But as the Magistrate Judge correctly observed, *Montgomery* actually reinforces his determination that *Hall* and *Moore* do not apply retroactively. He explained:

> In *Miller v. Alabama*, 567 U.S. 460 (2012), [the Supreme Court] held categorically that the Eighth Amendment forbids a sentence of life imprisonment without parole for juvenile offenders. In *Montgomery* the Court held that *Miller* was required to be applied retroactively. As the Court recognized in *Montgomery*, *Miller* was like *Atkins*: it identified a class of people (those under eighteen at the time of their crime) who could never be punished in a certain way (by life without parole) just as the Court had previously identified the same class of people as categorically ineligible for the death sentence in *Roper v. Simmons*, 543 U.S. 551 (2005).

(ECF No. 220, at PageID 14973.) The manner in which *Montgomery* applied the substantive rule set forth in *Miller* only bolsters the Magistrate Judge's conclusion that it was *Atkins*, not *Hall* and not *Moore*, that created a class of persons ineligible for the death penalty. To that point, the Magistrate also observed that although *Hall*, *Moore I*, and *Moore II* make significant changes to what must be proven to bring persons within the protection of *Atkins*, that significance does not alter the fact those decisions make procedural changes—not substantive changes. (*Id.* at PageID 14974.) Petitioner demonstrates no error of law in the Magistrate Judge's determination.

Petitioner also objects to the Magistrate Judge's reliance on *In Re Payne*, 722 Fed. App'x 534 (6th Cir. Feb. 8, 2018), arguing that *Payne* is wrongly decided and that

23

decisions from state courts in Ohio, Kentucky, and Florida applying *Hall* and *Moore* retroactively, at a minimum, demonstrate that Petitioner's proposed intellectual disability claim is not "clearly futile." (ECF No. 212, at PageID 14912-14; ECF No. 226, at PageID 15088-89.) Based on this Court's review, regardless of whether *Payne* is binding, it is far more persuasive on this issue than the state decisions that Petitioner cites.[4] In *Payne*, the Sixth Circuit was squarely faced with the issue of whether *Hall* and *Moore* should apply retroactively; cited *Teague*; provided a string cite of federal courts that have found *Hall* and *Moore* do not apply retroactively; noted that there was no Supreme Court decision holding that those case should be applied retroactively; and rejected the argument that *Hall* and *Moore* were themselves applied retroactively. *Payne*, 722 Fed. App'x at 537-38. That being so, Petitioner fails to demonstrate that the Magistrate Judge's reliance on *Payne* was contrary to law.

With respect to the Magistrate Judge's determination that the claim would be time-barred, Petitioner incorporated by reference the arguments he had set forth for why his claim was not unduly delayed (ECF No. 212, at PageID 14917-19; ECF No. 226, at PageID 15090-94)—arguments this Court has considered and rejected.

In sum, Petitioner's objections to the Magistrate Judge's conclusion that allowing him to add claim 20 would be futile (ECF No. 212, at PageID 14910-19; ECF No. 226, at

---

[4] The Court is aware that the state trial court, in granting Petitioner an evidentiary hearing on his intellectual disability claim, determined that *Hall* and *Moore* applied retroactively. (ECF No. 230-1, at PageID 15118, 15128-34.) The state court's analysis fails to persuade this Court that *Hall* and *Moore* did anything more than clarify procedures for how to apply the

PageID 15085-94) are **OVERRULED**.

Petitioner also objects to the Magistrate Judge's determination that the proposed amendment to claim 6(C), to change the legal basis for relief, would be futile because the case upon which the proposed amendment relies--*McCoy v. Louisiana*, 138 S.Ct. 1500 (2018)—does not apply to Petitioner's case. After comparing Petitioner's current claim 6(C) with Petitioner's proposed claim 6(C) (ECF No. 207, at PageID 14784-90), the Magistrate Judge determined that "in proposed paragraphs 205 and 206, Elmore wishes to switch from a claim of ineffective assistance of trial counsel under *Florida v. Nixon*, 543 U.S. 175 (2004), to a claim of client autonomy under *McCoy v. Louisiana*, 584 U.S. ___, 138 S.Ct. 1500 (2018)." (ECF No. 207, at PageID 14790.) The Magistrate Judge proceeded to conclude that *McCoy* was not clearly established law at the time the Ohio courts decided Petitioner's ineffective assistance of trial counsel claim and does not apply retroactively to cases on collateral review. (*Id.*) The Magistrate Judge also rejected Petitioner's assertion that conceding guilt over client objection is a structural error sufficient to make *McCoy* retroactive. (*Id.* at PageID 14790-91.)

In his objection, Petitioner argues that he is fully entitled to amend his petition to include this *McCoy*'s theory of relief because it relates back to his current petition and is claim is not "clearly futile." (ECF No. 212, at PageID 14920.) As with the Magistrate Judge's denial of his request to add claim 20, Petitioner complains that the Magistrate Judge denied his request to amend claim 6(C) on a basis that Respondent did not assert.

substantive rule first announced in *Atkins v. Virginia*.

(ECF No. 212, at PageID 14921-22.) The Court has already considered and rejected that argument.

Petitioner proceeds to argue that the Magistrate Judge's conclusion that *McCoy* does not apply to Petitioner's case is contrary to law. Specifically, Petitioner asserts that the Magistrate Judge's conclusion is premature. "At this stage of the proceedings," according to Petitioner, "Phillip Elmore need only show that his claim for relief under *McCoy* is arguable, that is, whether it may have some merit or is not 'plainly without merit' and whether amendment is clearly futile." (*Id.* at PageID 14922-23.) And Petitioner again points to *Montgomery v. Louisiana* as authority for why *McCoy* applies retroactively to Petitioner's case—namely, that *McCoy* creates a class of persons, those who had their guilt conceded to by counsel over their objections, ineligible for the death penalty. (*Id.* at PageID 14923-24.) The Court has already agreed with and upheld the Magistrate Judge's application of *Foman*'s definition of "futility" as well as the Magistrate Judge's rejection of *Montgomery* as authority for what constitutes a decision that creates a class of persons ineligible for a certain punishment and is therefore to be applied retroactively. Petitioner also asserts that *McCoy* announced either a substantive rule of constitutional law or a watershed rule of criminal procedure or a structural error deserving of retroactive application. But aside from *Montgomery*, Petitioner offers no authority or reasoning to support his assertion. These components of Petitioner's objections are accordingly **overruled**.

Petitioner also objects to the Magistrate Judge's conclusion that *McCoy* was not

clearly established law within the meaning of 28 U.S.C. § 2254(d)(1) at the time the state courts addressed Petitioner's claim that trial counsel were ineffective for improperly conceding guilt during closing arguments. (ECF No. 212, at PageID 14922, n.1.) The basis for Petitioner's objection is the fact that he is pursuing a *McCoy* claim in a new postconviction action in the state courts. "Thus," Petitioner reasons, "while *McCoy* was not clearly established law at the time of Elmore's first post-conviction petition, it is now, and on habeas review, once the state courts apply *McCoy*, this Court will have to apply §2254(d)(1) to that decision." (*Id.*) Petitioner's objection is based on an assumption—namely, that the state courts will determine that they have jurisdiction to entertain a postconviction petition that is both untimely and successive, and to address any claims raised therein on the merits—that, in this Court's experience, has not borne out in the state courts. As noted earlier, the Court is aware that the state trial court has granted Petitioner an evidentiary hearing on his new intellectual disability claim. In that same decision, however, the trial court determined that Petitioner's "claims under *McCoy v. Louisiana* fall short[,]" and denied Petitioner's request for a hearing on any claims besides his intellectual disability claim. (ECF No. 230-1, at PageID 15118.) That being so, the most prudent course of action seems to be to adopt the Magistrate Judge's suggestion, (ECF No. 207, at PageID 14793), that should Petitioner's attempt to pursue a new round of postconviction relief bear fruit in the form of the state courts determining that they even have jurisdiction to address Petitioner's *McCoy* claim, Petitioner can re-petition this Court at that time. But until and unless the state courts reach the merits of

27

Petitioner's *McCoy* claim, it would be futile in these proceedings to expend substantial time and resources litigating a claim that it does not appear at this time will be recognizable. Because Petitioner has demonstrated no error of law, this objection is **overruled**.

Petitioner next points to several decisions in which one state court and a few federal courts allowed defendants on collateral review to add *McCoy* claims. (ECF No. 212, at PageID 14924-25; ECF No. 226, at PageID 15095-96.) This Court has reviewed those decisions and finds them of little probative value because none undertook any retroactivity analysis. The only decisions that even mentioned retroactivity, *Pritchett* and *Howard*, both out of the District of Nevada, reasoned that because the retroactivity of *McCoy* was at that time being litigated in various courts, it was premature for the district court to resolve that issue.[5] Both decisions dealt more with whether stay and abeyance was warranted than with the issue of retroactivity. And now, unlike when the parties herein addressed this issue, the weight of authority appears to be stacking up against applying *McCoy* retroactively. *See, e.g., Ponce v. Eldridge*, Case No. 5:19-cv-751, 2019 WL 8501633, at *7 (C.D. Cal. Aug. 19, 2019) (noting that the Supreme Court did not hold in *McCoy* or any subsequent decisions that *McCoy* applies retroactively to cases on collateral review), citing *In re Hudson*, No. 19-10068, 2019 WL 448439 (11th Cir. Feb. 1, 2019) (collecting cases).) *See also Fink v. Gilmore*, No. 3:16-cv-1867, 2019 WL

---

[5] *Pritchett v. Gentry*, 2019 U.S. Dist. LEXIS 101556 (D. Nev. June 17, 2019); *Howard v. Baker*, 2019 U.S. Dist. LEXIS 158031 (D. Nev. Sept. 12, 2019).

7372762, at *11 (M.D. Pa. Oct. 1, 2019) (holding that *McCoy* does not apply to habeas claims that were decided by state courts long before *McCoy* was decided), citing *Barbee v. Davis*, 728 Fed. App'x 259, 267 n.6 (5th Cir. 2018); *Crump v. Halvorson*, No. 18-cv-1334, 2019 WL 3431787, at *8 (D. Minn. Jun. 10, 2019); *Simmons v. Huss*, Case No. 2:18-cv-11984, 2019 WL 1746271, at *5 (E.D. Mich. Apr. 18, 2019); *Quintana v. Trani*, Civ. Act. No. 15-cv-1569, 2019 WL 1331990, at *16 (D. Colorado Mar. 25, 2019); *United States v. Jose*, Crim. Act. No. 14-652-10, 2018 WL 3747449, at *4 (E.D. Pa. Aug. 7, 2018).

In view of the foregoing, Petitioner has not demonstrated that the Magistrate Judge's determinations that *McCoy* was not clearly established law at the time the state courts rejected Petitioner's ineffective assistance claim and that *McCoy* does not apply retroactively to cases on collateral review were contrary to law or clearly erroneous. Petitioner's objections (ECF No. 212, at PageID 14919-26; ECF No. 226, at PageID 15095-96) are accordingly **OVERRULED**.

Finally, as to the Magistrate Judge's determination that the proposed amendments to claims 10(D), 10(G), and 10(H) merely clarify the allegations already pleaded (ECF No. 207, at PageID 14791), neither party has objected. The Court **ADOPTS** the Magistrate Judge's determination and **GRANTS** Petitioner's motion to amend those three sub-claims.

### *Motion to Stay*

Petitioner has asked the Court to stay these proceedings and hold them in

abeyance while he attempts to exhaust his new intellectual disability claim and his *McCoy* claim in the state courts. The Magistrate Judge determined that stay-and-abeyance is not warranted since, having denied Petitioner's motion to add claim 20 and amend claim 6(C), and that the proposed changes to claims 8(D), (G), and (H) merely clarify the allegations already pleaded, the Court did not have before it a mixed petition warranting a stay. (ECF No. 207, at PageID 14791, 14792-94.)

Petitioner objects, essentially arguing that if this Court, as it should, overrules the Magistrate Judge's decisions disallowing the addition of claim 20 and the amendment of claim 6(C), then the Court will have before it a mixed petition warranting the stay he requests. (ECF No. 212, at PageID 14926-28; ECF No. 226, at PageID 15096.) He points to decisions in which the Honorable Chief Judge Algenon L. Marbley stayed a habeas case in the absence of a formally mixed petition (ECF No. 212, at PageID 14927 (discussing *Conway v. Houk*, Case No. 2:07-cv-947, 2016 U.S. Dist. LEXIS 184299, at *3-9 (S.D. Ohio Mar. 1, 2016); ECF No. 226, at PageID 15096 (citing *Conway* and *Brown v. Rogers*, Case No. 1:99-cv-549, 2017 U.S. Dist. LEXIS 44374 (S.D. Ohio Mar. 27, 2017)). Finally, Petitioner also argues that a stay would serve the interests of judicial economy since the relief he expects from the state courts would moot the instant proceedings (ECF No. 212, at PageID 14928; *see also* ECF No. 226, at PageID 15096.)

Petitioner's objections are unavailing. First, contrary to Petitioner's assertion, the stay-and-abeyance remedy set forth in *Rhines v. Weber*, 544 U.S. 269 (2005) applies only to "mixed" petitions containing both exhausted and unexhausted claims. This Court has

overruled Petitioner's objections and affirmed the Magistrate Judge's determinations denying Petitioner's motion to add claim 20 and amend claim 6(C), and thus does not have before it a mixed petition warranting a stay. The *Conway* and *Brown* decisions that Petitioner cites (ECF No. 212, at PageID 14827; ECF No. 226, at PageID 15096) do not persuade this Court otherwise. Review of those two orders suggests to this Court that they emanated from the circumstances and procedural postures of those cases, and were not intended to craft or condone a uniform practice of allowing stay-and-abeyance in the absence of a mixed petition. In *Stojetz v. Ishee*, Case No. 2:04-cv-263 (S.D. Ohio) (ECF No. 110, at PageID 2560, 2564-65)—also a case from within this Court—the District Judge denied the petitioner's motion for stay and abeyance without prejudice, subject to renewal should the petitioner *succeed* in adding unexhausted claims to his petition. Finally, judicial economy would not be served by staying this case based on an expectation of state-court relief that is historically unrealistic, notwithstanding the state trial court's decision to hold an evidentiary hearing on Petitioner's intellectual disability claim. Petitioner's objections to the Magistrate Judge's denial of the motion to stay are **OVERRULED**; the Magistrate Judge's Decision and Order and Supplemental Opinion are **AFFIRMED**; and Petitioner's Motion to Stay and Abate Federal Habeas Corpus Proceedings (ECF No. 187) is **DENIED**.

### *Motion for Evidentiary Hearing*

In the July 30, 2019 Decision and Order, the Magistrate Judge stated, "[a]s agreed during the oral argument on July 24, 2019, the Motion for Evidentiary Hearing is

premature and is denied without prejudice on that basis." (ECF No. 207, at PageID 14794.) Petitioner does not appear to object. And this Court has already determined that no evidentiary hearing is warranted on Petitioner's objections to the Magistrate Judge's denial of Petitioner's Motion to Amend. Accordingly, the Court **AGREES** with and **ADOPTS** the Magistrate Judge's Decision (ECF No. 207; at PageID 14794); Petitioner's Motion for Evidentiary Hearing (ECF No. 183) is **DENIED without prejudice**.

*Conclusion*

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections (ECF Nos. 212 and 226); **ADOPTS** the Decision and Order (ECF No. 207); and **ADOPTS** the Supplemental Opinion and Recommendations (ECF No. 220). Petitioner's Motions to Amend (ECF No. 175) except as to claims 10(D), 10(G), and 10(H) as set forth above, for an Evidentiary Hearing (ECF No. 183), and to Stay (ECF No. 187) are **DENIED**.

*IT IS SO ORDERED.*


                                   **EDMUND A. SARGUS, JR.**
                                   **United States District Judge**