UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **PHILLIP ELMORE,** | : Case No. 1:07-cv-776 |
| Petitioner, | : |
| vs. | : Judge Edmund A. Sargus, Jr. |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| **BILL COOL, Warden,** | : |
| **Ross Correctional Institution,** | : |
| Respondent. | : |

**OPINION AND ORDER STAYING CASE**

Petitioner Phillip Elmore, a prisoner sentenced to death by the State of Ohio, has before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. On December 17, 2024, this Court directed the parties to show cause why this case should not be stayed, pending the conclusion of state court proceedings that have been ongoing for three years. (ECF No. 266.) This matter is before the Court for consideration of the parties' responses. The Respondent-Warden opposes any stay (ECF No. 267), while Elmore believes that these proceedings should be stayed (ECF No. 268). Because the outcome of the state proceedings could have a dispositive impact the instant habeas corpus action, the Court agrees with Elmore that this case should be stayed, and these proceedings held in abeyance.

I. **STANDARD OF REVIEW**

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In other words, "the power to stay proceedings is incidental to

the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998) ("[T]he Court has the inherent power to stay proceedings pending the resolution of the same or related issues in another forum."). A district court also retains power to sua sponte stay proceedings. *Latta v. United States Dep't of Educ.*, 653 F. Supp. 3d 435, 439 (S.D. Ohio 2023) (collecting cases). In deciding whether to stay an action, district courts consider the following factors: (1) the potential dispositive effect on the case to be stayed; (2) judicial economy; (3) public welfare; and (4) the prejudice or hardship to the party opposing the stay. *Rowe v. JPMorgan Chase Bank, N.A.*, No. 2:24-cv-554, 2024 WL 4328940, at *2 (S.D. Ohio Sept. 27, 2024) (quoting *Latta*, 653 F. Supp. 3d at 439).

The Antiterrorism and Effective Death Penalty Act (AEDPA) "did not divest district courts of the power to stay a habeas case." *Floyd v. Forshey*, No. 4:21-cv-2068, 2023 WL 4267601, at *6 (N.D. Ohio June 29, 2023) (citing *Rhines v. Weber*, 544 U.S. 269, 276 (2005)). In deciding *Rhines*, the Supreme Court recognized that district courts have broad discretion to issue stays but noted that discretion is circumscribed by the AEDPA. *Rhines*, 544 U.S. at 276 (citations omitted). For habeas petitions, granting a stay must be compatible with the AEDPA's purposes. *Id.* A stay is not appropriate, however, where a petitioner engages in abusive litigation tactics or intentional delay. *Id.* at 278. Further, district courts should stay and abey a habeas petition "only in limited circumstances." *Floyd*, 2023 WL 4267601, at *6 (citing *Rhines*, 544 U.S. at 277).

II. <u>ANALYSIS</u>

Given the potential dispositive effect of Elmore's current state court proceedings on his

2

federal habeas petition, the Court finds that a stay in this case pending the resolution of the state court action is appropriate.

In his Opposition to Stay, the Warden argues that because the claims being litigated in state court are not claims set forth in the instant habeas petition, the pending state court claims have no bearing on the habeas petition and do not provide a basis for staying this habeas case. (ECF No. 267, PageID 16452).  The Warden contends that a "different circumstance would arise" if Elmore amended his habeas petition to include the new state court claims but maintains that Elmore still would need to overcome "substantial hurdles" including an issue with the statute of limitations.  (*Id.*).  The Warden also asserts that this Court must analyze whether a stay is appropriate under *Rhines v. Weber*, 544 U.S. 269 (2005), which he contends would "require appropriate pleadings by Elmore" to demonstrate that a stay would be warranted in this case. (ECF No. 267, PageID 16453).  Further, the Warden contends that a sua sponte decision to stay the case is "extrajurisdictional" and violates *Rhines*.  (*Id.*).

In Elmore's Response to the Show Cause Order, he insists that the Court has both inherent authority to stay these proceedings on the basis that any state court litigation could impact the outcome of this case, as well as authority to grant a stay under *Rhines* if Elmore is permitted to amend his Petition to add his Intellectual Disability claims.  (ECF No. 268, PageID 16455 (citations omitted)).  Elmore contends that the pending state court proceedings could have a dispositive effect on his federal habeas proceedings, giving this Court the power to stay Elmore's habeas case.  (*Id.* at PageID 16455-57 (quoting *Unroe v. Vilsack*, No. 2:11-cv-592, 2012 WL 3527219, at *4 (S.D. Ohio Aug. 14, 2012)) (citing *Landis*, 299 U.S. at 254)).  Elmore points to four factors this Court must consider in analyzing whether a stay is warranted: (1)

3

whether another case may have a dispositive effect on this case; (2) judicial economy in waiting for the other case to resolve; (3) public welfare; (4) prejudice to the party opposing a stay. (*Id.* at PageID 16456 (quoting *Rowe*, 2024 WL 4328940, at *3; *Latta*, 653 F. Supp. 3d at 439)). In considering these factors, Elmore asserts that the Court is within its discretion to grant a stay pending resolution of his state court proceedings. (*Id.* at PageID 16457 (citations omitted)).

      Elmore contends that even though a stay is warranted under *Landis*, a stay is also warranted under *Rhines*. (*Id.* at PageID 16458-61). Elmore points out that he attempted to amend his Petition to add Claim 20, an Intellectual Disability claim under the Eighth and Fourteenth Amendments, but that this Court denied him leave to amend. (*Id.* at PageID 16458 (quoting ECF No. 232, PageID 15159-74) (citing *Hall v. Florida*, 572 U.S. 701 (2014); *Moore v. Texas*, 581 U.S. 1 (2017); *Moore v. Texas*, 586 U.S. 133 (2019) (per curiam))). Elmore asserts that the denial should be reconsidered because the Supreme Court determined recently that the *Hall* and *Moore* decisions are "both substantive and retroactive," in conflict with this Court's reasoning in denying Elmore's motion to amend his Petition.[1] (*Id.* at 16458-60 (citing *Hamm v. Smith*, 604 U.S. 1 (2024))). Elmore suggests that once the motion to amend is reconsidered and amendment permitted, then the Court could address a stay under *Rhines*, which would first "require additional briefing, post-amendment." (*Id.* at PageID 16460-61).

      The Court concludes that the *Landis* factors weigh in favor of granting a stay while Elmore's Intellectual Disability claim proceeds through the state courts. As to the first factor, Elmore's state court proceedings may have a dispositive effect on his federal habeas action.

---

[1] Elmore contends that because the *Hamm* decision came down in November 2024, he has until November 2025, to amend his Petition. (ECF No. 268, PageID 16460 (citations omitted)).

4

Elmore is seeking relief in state court based on an alleged Intellectual Disability that could warrant sentencing relief from a capital punishment.  In his federal habeas petition, Elmore seeks sentencing relief, a request that becomes moot if he receives that same relief in state court.  If the state court grants Elmore sentencing relief or grants his motion for a new trial, that relief could have a dispositive effect on the current proceedings.  Although the Warden contends that Elmore faces timeliness issues if Elmore sought to amend his Petition now, if the state court grants Elmore relief through a new sentence, the statute of limitations would restart for Elmore to file an updated habeas petition.  *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (quoting *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015)).  *See also Turner v. Hudson*, No. 2:07-cv-595, 2024 WL 383456, at *1 (S.D. Ohio Feb. 1, 2024) (Report and Recommendation) (withdrawing prior reports and recommendations and recommending dismissal without prejudice to file a new petition after a capital habeas petitioner received new life-without-parole sentence in state court), *adopted*, 2024 WL 3740442 (S.D. Ohio Aug. 8, 2024).  The Court finds that this first factor weighs in favor of staying the case.

As to the second factor, judicial efficiency and economy weigh in favor of staying this case until the conclusion of the state court proceedings pending before the Licking County (Ohio) Court of Common Pleas.  Because the state court proceedings could have a dispositive effect on Elmore's federal habeas Petition, as discussed above, judicial resources could be spent on a merits decision or other substantive work that will become moot if Elmore receives relief in state court.  In state court, Elmore has a pending post-conviction petition and motion for a new trial based on his Intellectual Disability claim.  As Elmore asserts, staying this case to await the resolution of his state court proceedings would preserve judicial resources when the "state

5

proceedings may make federal proceedings unnecessary." (ECF No. 268, PageID 16457). The Court finds that this factor weighs in favor of staying these proceedings.

The third factor, public welfare, also weighs in favor of staying this case because the public has an interest in judicial efficiency and state court deference. As this Court has determined previously, "[c]ontrolling litigation expenses and conserving judicial resources 'serves not only the parties and the Court, but also the public as a whole.'" *Rowe*, 2024 WL 4328940, at *3 (quoting *Fluker v. Trans Union, LLC*, No. 1:22-cv-12240, 2023 WL 1112147, at *3 (E.D. Mich. Jan. 30, 2023)). The Court does not anticipate that a stay at this stage in proceedings will extensively or unnecessarily prolong Elmore's federal habeas proceedings, given the movement of his state court action.[2] The public has an interest in whether capital punishment is an appropriate sentence where an individual is claiming an Intellectual Disability. The Court notes that the stay will ensure that the final decision of this Court will benefit from all additional determinations made by the state courts with respect to Elmore's Intellectual Disability claims and motion for a new trial that may be dispositive to his federal habeas proceedings.

Further, a stay in this instance would support the purpose behind the AEDPA by giving deference to state court proceedings before federal habeas review. *See Rhines v. Weber*, 544 U.S. 269 (2005). As discussed above, judicial economy weighs in favor of granting a stay to promote efficiency given the potential dispositive effect of Elmore's state court proceedings. A

---

[2] As detailed in the parties' Joint Status Report filed on March 17, 2025, the state trial court has scheduled a status conference hearing on May 2, 2025, when "the parties expect to discuss further proceedings, including possible time frames for a hearing and associated pre-hearing process on Elmore's intellectual disability claim." (ECF No. 270, PageID 16465).

6

stay would not frustrate the AEDPA's purpose in promoting finality without delaying capital punishment because Elmore is actively challenging that sentence in state court.  At this juncture, any merits decision from this Court would not finalize Elmore's sentence since he has a related issue pending in state court.  Additionally, if Elmore's claims show sentencing relief is warranted, a stay would promote comity to allow state courts to resolve the issue in the first instance.  As Elmore contends, "'public welfare' counsels in favor of allowing the state courts to initially adjudicate the constitutionality of Elmore's death sentence."  (ECF No. 268, PageID 16457).  The state of Ohio has the authority to enforce its own criminal law and to adjudicate "constitutional challenges to state convictions."  *Shinn v. Ramirez*, 596 U.S. 366, 376 (2022) (citations omitted).  The state of Ohio also has a strong interest in seeing justice carried out under its criminal laws without a federal habeas court intruding on state sovereignty.  *Id.* (noting that such an intrusion "imposes special costs on our federal system").  The interest in public welfare weighs in favor of staying this case.

      The fourth factor also weighs in favor of staying this case because a limited delay to allow the state courts to consider Elmore's Intellectual Disability claims and whether sentencing relief is warranted will not clearly prejudice Respondent.  Indeed, this case has been de facto stayed for more than three years.  The factors therefore weigh in favor of granting a stay.

      For the reasons set forth above, the Court determines that a stay is warranted in the present proceedings under *Landis*, subject to the conditions outlined below.  The Court exercises its "broad discretion to stay [these] proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis*, 299 U.S. at 254).  Because the Court concludes that a stay is warranted under *Landis*, analysis under *Rhines* is not necessary

7

at this juncture.

### III. CONCLUSION

The Court finds reason to exercise discretion to stay this case, hold the proceedings in abeyance, and administratively close this case until the pending state court proceedings are complete, subject to the following additional conditions:

1. The parties shall file a joint status report with this Court every **ninety days** in compliance with the Court's November 26, 2024, Order for Status Report (ECF No. 261), detailing the progress and status of the pending state court proceedings identified above; and

2. Elmore shall file a motion for reinstatement to the Court's active docket within **thirty days** following the conclusion of those pending state court proceedings.

The Clerk is **DIRECTED** to **STAY** this case.

**IT IS SO ORDERED.**


April 29, 2025                                  s/Edmund A. Sargus, Jr.
                                                **EDMUND A. SARGUS, JR.**
                                                **United States District Judge**